## 64751. BISHOP et al. v. STEPHENS.

QUILLIAN, Chief Judge.
This case arose out of an action brought against the defendant (seller of a certain house) for failure to inform the plaintiffs (purchasers of the house) of latent defects in the sewer and toilet system of the house, concerning which defects the defendant was alleged to have actual knowledge and to have fraudulently concealed them.

Plaintiffs appeal from the following order which contains a recitation of the pertinent facts involved:

"On April 6, 1981 the defendant filed a Motion for Summary Judgment with supporting affidavit attached to said Motion and defendant's attorney mailed to plaintiffs' attorney, on April 6, 1981, a copy of said motion, supporting affidavit and written notice that hearing on said motion was set before the Court for 3:00 p.m., May 11, 1981. On May 11, 1981, at 3:00 p.m., defendant's counsel appeared before the Court for hearing on the motion. Plaintiffs' counsel failed to appear and the Court, after hearing argument and citation of authority from defendant's counsel and after considering the pleadings in the case and the defendant's motion and affidavit, entered an order granting Summary Judgment to the defendant. Said order was dated May 12, 1981 and filed May 13, 1981.

"On June 8, 1981, plaintiffs filed a motion asking that the Court set aside the above mentioned order. In said motion plaintiffs also requested that a new hearing be set down on defendant's Motion for Summary Judgment. By order dated June 17, 1981 and filed July 17, 1981 the Court vacated its above mentioned order which granted Summary Judgment to defendant.

"On July 9, 1981, each plaintiff filed an affidavit in opposition to defendant's aforementioned Motion for Summary Judgment. On February 1, 1982 the plaintiffs filed an affidavit of Donna Burtnett in opposition to defendant's Motion for Summary Judgment.

"On February 2, 1982 counsel for plaintiffs and counsel for defendant appeared before the Court. The Court heard argument and citation of authority from plaintiffs' counsel in opposition to defendant's Motion for Summary Judgment. Defendant's counsel objected to consideration of any affidavits filed subsequent to May 11, 1981 (the date the Court originally heard defendant's Motion for Summary Judgment) and the Court refused to consider any affidavits filed subsequent to May 11, 1981 which was the date that the original hearing on said Summary Judgment Motion was held.

"It appearing to the Court that the defendant is entitled to a judgment as a matter of law, it is ordered and adjudged that Summary Judgment is granted in favor of defendant and against plaintiff, and that the complaint is dismissed hereby . . ." *Held:*

Among the plaintiff's enumerations of error is a ground that the trial court erred by failing to consider affidavits filed prior to the hearing of February 2, 1982. We agree with this contention and reverse.

CPA § 56 (c) (Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; as amended through Ga. L. 1975, pp. 757, 759)) provides: "The motion [for summary judgment] shall be served at least 30 days

before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits." The crucial language of the sentence found in the Code section does not refer to the *date originally set* for hearing but only "the day of hearing." Once the trial judge set aside the former order on motion for summary judgment, in the absence of any express order limiting discovery or setting any deadlines, the matter was reopened for all purposes including the subsequent filing of affidavits, depositions, interrogatories, etc., up until "prior to the day of hearing."

Where an affidavit is filed prior to that time and does create a genuine issue of material fact, the failure to consider such affidavit requires the reversal of the grant of a motion for summary judgment. *Gross v. Pyrofax Gas Corp.,* 151 Ga. App. 130 (259 SE2d 137).

The affidavit filed on behalf of the plaintiff on February 1, 1982, contradicted the defendant's affidavit in which he disclaimed any prior knowledge of any defects. Hence, it was error not to consider the affidavits filed after May 11, 1981.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED OCTOBER 19, 1982.

*James E. Butler, Jr.,* for appellants.
*Thomas M. Flournoy, Jr.,* for appellee.