73495. MILLS v. J. E. SHARBER OIL COMPANY.
(351 SE2d 275)

DEEN, Presiding Judge.

The appellee, J. E. Sharber Oil Company, commenced this action against the appellant on February 21, 1986, to recover on an open account. The appellant eventually answered and filed a counterclaim. On April 7, 1986, the appellee filed its motion for summary judgment and supporting affidavits, with regard to both its claim and the appellant's counterclaim. The appellee also submitted a brief statement of its theory of recovery and material facts in issue, as required by Rule 6.5 of the Uniform Superior Court Rules. The appellant filed his response to the motion for summary judgment on June 26, 1986, including opposing affidavits. The appellant's response, however, did not include any statement of the material facts as to which it was contended a genuine issue of fact existed.

The trial court struck the appellant's response because of (1) the appellant's failure to respond to the motion for summary judgment within 30 days, as required by Rule 6.2 of the Uniform Superior Court Rules; (2) the appellant's failure to submit a statement of material facts in issue, as required by Rule 6.5; and (3) the inadequacy of the opposing affidavits submitted. The appellant's response having been stricken, there was no evidence to refute the evidence submitted by the appellee, and the trial court granted summary judgment for the appellee on its claim and the appellant's counterclaim. The appellant here contends that the trial court erred in striking the response because the Uniform Rules conflict with OCGA § 9-11-56 and therefore are invalid, and because the opposing affidavits were legally sufficient. *Held*:

1. Rule 6.5 of the Uniform Superior Court Rules clearly provides that a party's response to a motion for summary judgment "shall in-

clude a separate, short and concise statement of each of the material facts as to which it is contended there exists a genuine issue to be tried." No conflict exists between the mandate of Rule 6.5 and OCGA § 9-11-56; rather, that rule's requirement of filing a statement of material facts in issue is in addition to and not contrary to the Code provision. The appellant did not observe Rule 6.5, and we do not consider the trial court's putting teeth in the rule by striking the appellant's response to be an abuse of discretion. That reason alone is sufficient to sustain the trial court's judgment, and we do not address the contention that the 30-day requirement of Rule 6.2 conflicts with OCGA § 9-11-56, or the issue of the sufficiency of the opposing affidavits.

2. The appellee's motion for damages for frivolous appeal pursuant to OCGA § 5-6-6 is denied.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED DECEMBER 1, 1986.

*Ronnie Joe Lane*, for appellant.
*Richard A. Epps*, for appellee.