## 73753. WEST et al. v. NODVIN.
(359 SE2d 729)

Pope, Judge.

Appellee Marvin P. Nodvin, an attorney, sued his former clients, appellants Thomas B. and Mildred B. West, for professional fees allegedly owed to Nodvin. The Wests answered and denied any indebtedness. On August 14, 1985 Nodvin filed a motion for summary judgment along with a supporting affidavit. In addition, Nodvin also filed a brief statement of his theory of recovery and material facts as to which no genuine issue remained to be tried, as required by Rule 6.5 of the Uniform Superior Court Rules. The Wests filed no response to this motion.

On December 6, 1985 the trial court denied the motion for summary judgment. Nodvin moved the court to reconsider its order within the time allowed. On December 27, 1985 the Wests filed affidavits opposing Nodvin's motion for summary judgment. However, no statement of the theory of the case or of material facts in dispute was filed as required by Rule 6.5. In two orders dated February 17, 1986, the trial court vacated its earlier order, struck the affidavit of the Wests and entered summary judgment in favor of Nodvin. The Wests bring this appeal. *Held:*

1. The Wests argue that their affidavits were timely filed in response to Nodvin's "renewed or second Motion for Summary Judgment," and that the trial court erred in striking their affidavit. They point to the case of *Bishop v. Stephens*, 164 Ga. App. 45 (296 SE2d 250) (1982). We find this argument unpersuasive. The court in *Bishop* found that the trial court erred when it refused to consider affidavits filed in opposition to a motion for summary judgment. In *Bishop*, the trial court had granted summary judgment to the defendant when the plaintiffs failed to file any response to the motion and failed to appear at the hearing. Later, the plaintiffs made a motion to set aside the judgment and to hold a new hearing. The court granted the motion and set aside the original order and set a new hearing date. The plaintiffs then filed affidavits in opposition. At the hearing the trial court refused to consider the affidavits because they were not filed on the date of the original hearing. On appeal, this court held that this was error because "[o]nce the trial judge set aside the former order on motion for summary judgment, in the absence of any express order limiting discovery or setting any deadlines, the matter was reopened for all purposes including the subsequent filing of affidavits, depositions, interrogatories, etc., up until 'prior to the day of hearing.'" *Bishop* at 47. The Wests contend that their opposing affidavits were filed before the time of the hearing and thus complied with the requirements set out in OCGA § 9-11-56 (c) and *Bishop*.

We find the argument unpersuasive for several reasons. First,

there was only one motion for summary judgment followed by a motion to reconsider, and later a motion to strike the affidavits. This situation was not like that in *Bishop* in which the court wiped the slate clean by first setting aside its initial order with no qualifications, and then setting a new hearing. In the present case, at all times, the Uniform Superior Court Rules were in effect. Rule 6.2 requires opposition response to motions to be filed within thirty days of the service of the motion. Rule 6.5 requires that a response to a motion for summary judgment "shall include a separate, short and concise statement of each of the material facts as to which it is contended there exists a genuine issue to be tried." As stated in *Mills v. J. E. Sharber Oil Co.*, 181 Ga. App. 81, 82 (351 SE2d 275) (1986), and as is apparent from the holding in *Jacobsen v. Muller*, 181 Ga. App. 382 (2) (352 SE2d 604) (1986), there is no conflict between these requirements of the Uniform Rules and OCGA § 9-11-56; rather, the requirements are in addition to those set out in the Civil Practice Act. At no time were the Wests in compliance with the Uniform Rules in regard to responding to the motion for summary judgment. This court in *Bishop* recognized the trial court's inherent power to regulate its business by limiting discovery or setting deadlines. The reason the trial court erred in striking the affidavits in *Bishop* was that it reopened the entire matter with no limitation. In the present case there was a continuing limitation in the form of the requirements of the Uniform Rules. In *Mills*, supra, this court recognized the inherent power of the trial court to enforce the requirements of the Uniform Rules by striking non-conforming or untimely responses to motions. It is apparent from the record that that is what the trial court did here. We agree with the court in *Mills* that it is not an abuse of discretion for the trial court to strike affidavits in such circumstances. The Uniform Rules can be ignored only at peril to the party doing so. Therefore, we sustain the trial court's action in striking the affidavits and granting summary judgment to Nodvin.

2. The Wests argue that the trial court erred in awarding prejudgment interest. We find no merit in this argument. See *Considine Co. v. Turner Communications Corp.*, 155 Ga. App. 911 (6) (273 SE2d 652) (1980).

3. Nodvin's motion for sanctions for frivolous appeal is hereby denied.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JULY 13, 1987.

*Edward T. M. Garland, Charles G. Haldi, Jr.,* for appellants.
*Richard B. Maner,* for appellee.