### 77768. HUGHES v. MONTGOMERY CONTRACTING COMPANY, INC.
(377 SE2d 723)

BANKE, Presiding Judge.

The appellant filed suit against the appellee on February 3, 1988, to recover damages arising from an automobile collision which was alleged to have occurred on June 18, 1985. The complaint alleged that the statute of limitation for filing the action had been tolled by OCGA § 9-3-90 because the appellant had been incarcerated for a period of time following the accident. The appellee filed a motion for summary judgment on April 13, 1988, pointing out that by virtue of a 1984 amendment to OCGA § 9-3-90, imprisonment no longer operates to toll the limitation period for filing a lawsuit. See Ga. L. 1984, p. 580 § 1.

A hearing on the motion for summary judgment was initially set for May 13, 1988, but was rescheduled for May 26 at the appellant's request. When the appellant did not appear at the rescheduled hearing, the trial court announced that the motion for summary judgment would be granted and asked the appellee to draw an order. On June 2, 1988, the appellee submitted such an order, but on that same day the appellant amended his complaint to allege that the statute of limitation had been tolled pursuant to OCGA § 9-3-90 (a) (as amended by Ga. L. 1984, p. 580, § 1), due to mental disability on his part. An order granting the motion for summary judgment was ultimately entered on July 22, 1988, following a hearing held on June 27, 1988. The

appellant contends on appeal that the appellee failed to pierce the allegations of his amended complaint with regard to the tolling of the limitation period and that the grant of summary judgment was consequently improper. The appellee contends that the grant of the motion was authorized based on the appellant's failure to file a timely response to it, in accordance with Rule 6.2 of the Uniform Rules of the Superior Court. *Held*:

"Rule 6.2 requires opposition response to motions to be filed within thirty days of the service of the motion. Rule 6.5 requires that a response to a motion for summary judgment 'shall include a separate, short and concise statement of each of the material facts as to which it is contended there exists a genuine issue to be tried.' As stated in *Mills v. J. E. Sharber Oil Co.*, 181 Ga. App. 81, 82 (351 SE2d 275) (1986), and as is apparent from the holding in *Jacobsen v. Muller*, 181 Ga. App. 382 (2) (352 SE2d 604) (1986), . . . [these] requirements are in addition to those set out in the Civil Practice Act." *West v. Nodvin*, 183 Ga. App. 645, 646 (1) (359 SE2d 729) (1987). Accord *Spikes v. Citizens State Bank*, 179 Ga. App. 479 (1) (347 SE2d 310) (1986). However, "[t]here is no such thing as a 'default summary judgment.' By failing to respond to a motion for summary judgment, a party merely waives his right to present evidence in opposition to the motion. It does not automatically follow that the motion should be granted. 'A motion for summary judgment should not be granted unless it affirmatively appears from the pleadings and evidence that the party so moving is entitled to prevail.' [Cit.]" *McGivern v. First Capital Income Properties*, 188 Ga. App. 716, 717 (373 SE2d 817) (1988).

By the time the trial judge entered his ruling on the motion for summary judgment in this case, the appellant had long since amended his complaint to allege that the statute of limitation had been tolled due to mental disability on his part. Although, as indicated above, a party may lose the right to submit evidence in opposition to a motion for summary judgment if he does not exercise that right within 30 days following service of the motion, the Civil Practice Act specifies unequivocally that "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." OCGA § 9-11-15 (a). As the record before us contains no evidence one way or the other on the issue of the appellant's purported mental disability, and as the moving party has the burden on motion for summary judgment of establishing by uncontroverted evidence that there is no material factual dispute in the case, see, e.g., *Nichols v. Frey*, 185 Ga. App. 829, 831 (366 SE2d 212) (1988), we must accordingly hold that the trial court erred in granting the appellee's motion for summary judgment.

*Judgment reversed. Birdsong and Beasley, JJ., concur.*

Decided January 10, 1989.

Ben Swain McElmurray, Jr., for appellant.
Fulcher, Hagler, Reed, Obenshain, Hanks & Harper, John I. Harper, for appellee.