77891. O'QUINN v. SOUTHEAST RADIO CORPORATION.
(380 SE2d 487)

BIRDSONG, Judge.
Appellant/defendant, Barnie O'Quinn, Jr., appeals the ruling of the trial court granting appellee/plaintiff's motion for summary judgment.

Appellee, Southeast Radio Corporation, filed a proceeding in the Superior Court of Jeff Davis County to enforce a Florida judgment under the provisions of OCGA § 9-12-130. Appellant asserted various defenses, including a claim that he was not personally served with process in the Florida suit.

Appellee filed a motion for summary judgment with supporting affidavits on June 11, 1987. On July 29, 1987, 48 days later, appellant filed a certain counter-affidavit contesting this issue of service. Another counter-affidavit executed by a deputy sheriff was filed by appellant on August 20, 1987. On August 24, 1987, appellee filed an amendment to its motion for summary judgment. An additional counter-affidavit executed by the deputy sheriff was filed by appellant on September 9, 1987. Hearing was held on the motion for summary judgment on February 15, 1988. Appellant has never filed in response to the motion for summary judgment "a separate, short and concise statement of each of the material facts as to which it is contended there exists a genuine issue to be tried," in accordance with the provi-

sions of Rule 6.5, Uniform Superior Court Rules. Appellee moved to strike the appellant's affidavits on the grounds that they were untimely and failed to comply with Rules 6.2 and 6.5. The trial court did not expressly rule on the motion to strike, but subsequently granted appellee's motion for summary judgment.

Appellant's sole enumeration of error is that the trial court erred in granting summary judgment in total. *Held*:

1. Appellee initially relied upon *West v. Nodvin*, 183 Ga. App. 645 (359 SE2d 729) in support of its motion to strike. We find *West* to be distinguishable from the facts of this case. Appellee now asserts that *West* and our recent case of *Wyse v. Potamkin Chrysler-Plymouth*, 189 Ga. App. 64 (374 SE2d 785) appear to be in conflict, but concedes that *Wyse* is necessarily controlling. In *Wyse* we held that the 30-day provisions of Rule 6.2 of both the Uniform State and Superior Court Rules were in apparent conflict with the Civil Practice Act. See generally OCGA § 9-11-56 (c) and (d). We further held that "[a]lthough OCGA § 9-11-56 (c) does not require that a hearing be set on a motion for summary judgment where none is requested, [cit.], it unambiguously permits the respondent to serve opposing affidavits at any time 'prior to the date of the hearing' in the event that a hearing is set. To the extent the requirements of Uniform Rule 6.2 conflict with this statutory provision, the rule must yield." Id. at 65. Accordingly, appellant had the statutory right to serve opposing affidavits at any time prior to February 15, 1988, the date the hearing on the motion for summary judgment was held, and the appellee so concedes in its supplemental brief.

However, appellee further asserts that the trial court was correct in granting the motion for summary judgment because of the failure of appellant to comply with Rule 6.5. We disagree. The provisions of Rule 6.5 are not in apparent conflict with the Civil Practice Act. *West*, supra at 656. Nevertheless, in *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595 (370 SE2d 843), this court opined that a failure to comply with Rules 6.2 and 6.5 does "not entitle [a party] automatically to receive favorable consideration of his motion [for summary judgment]. Rather, it results in the appellants losing a very valuable opportunity to persuade the trial court in their favor." Appellee contends that unless the extreme remedy of striking appellant's affidavits is invoked, Rule 6.5 will be rendered meaningless. This argument is incorrect. The trial court has other means of enforcing the Uniform Rules for the Superior Courts without being compelled to strike relevant evidence. See, e.g., OCGA §§ 15-1-3 (3); 15-1-4 (a) (3); 15-6-8 (6). In this instance, the trial court did not expressly rule upon appellee's motion to strike, and the affidavits in question have not otherwise been deleted from the record. We decline to speculate whether the trial court intended its order granting summary judgment to also dis-

pose of appellant's motion to strike. Suffice it to say that denial of the motion to strike would be compatible with the statutory principle that "[t]he object of all legal investigation is the discovery of truth." OCGA § 24-1-2. Moreover, this court is a court for the correction of errors and our decision must be based on the authenticated record before us. See *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (378 SE2d 510) (1989). The record in this case contains the affidavits in question and does not contain any order to strike them therefrom. Further, appellant's failure to comply with Rule 6.5 did not result in any confusion or disadvantage to the appellee in asserting its motion for summary judgment, as the appellee's motion for summary judgment, as supplemented by its brief in support thereof, "contained a clear and concise statement of the relevant contentions" and the appellant's affidavits on their face reflected that a genuine issue of fact existed as to service of process in the Florida suit. See *McKnight v. Golden Isles Marina*, 186 Ga. App. 228 (1) (366 SE2d 830); *Martin v. Wilson*, 184 Ga. App. 196 (2) (361 SE2d 209). Although appellant has failed to comply with Rule 6.5, such error of procedure would be harmless, as in this instance it would not affect the substantial rights of appellee, OCGA § 9-11-61, and accordingly, the severe sanction of striking the affidavits would not be mandated.

2. " '(O)n summary judgment, the movant has the burden of showing "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." . . . In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion.' " *Moore*, supra at 595-596. Applying these summary judgment rules to the facts of record in the case sub judice, we find that the trial court erred in granting appellee's motion for summary judgment in toto, as a genuine issue of fact exists concerning the service of process in the Florida suit.

Appellee invites this court to grant a partial summary judgment on all issues except the question of service should we decide that the grant of summary judgment was error. We decline this suggestion. The trial court is in the best position to make any further rulings that may be necessary under the Civil Practice Act consistent with sound principles of justice and fundamental fairness.

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED MARCH 6, 1989.

*Luman C. Earle*, for appellant.

*Jerry W. Caldwell, Jonathan D. Sprague,* for appellee.