41596.   MONTGOMERY v. GILBERT et al.

Argued October 4, 1965—Decided November 4, 1965—
Rehearing denied November 29, 1965.

*Cook & Palmour, A. Cecil Palmour,* for appellant.

*Burton Brown,* for appellee.

FELTON, Chief Judge. ■ One ground of the motion to dismiss was the alleged absence, in both the application and the certificate, of the allegation specified in *Code* § 49-604 (c), as amended by Ga. L. 1964, pp. 499, 660, "that the person is mentally incompetent, resulting from mental illness or other causes, and is incapable of managing his estate." The application alleges that Mrs. Montgomery "is a person mentally ill to the extent that she is incapable of managing his [her] estate." At the bottom of the third page of the application form there appears the following printed statement: " 'Mentally ill,' for the purpose of this application, shall also include persons who are mentally retarded and *mentally incompetent*." (Emphasis supplied.) A substantial compliance with *any* requirement of the Code is sufficient unless the enactment *expressly* provides to the contrary. *Code* § 102-102 (6). Although the present proceeding is a summary statutory one which must be strictly construed (*Morton v. Sims,* 64 Ga. 298, 301 (1)), to require that such an application allege exactly verbatim and in one place the language of the statute would defeat the obvious intent of the legislature by a too strict adherence to the letter of the statute. "The true genius of the law, whatever may be thought to the contrary, is to quibble as little as possible on words, and go directly to the substance. It is true, that for the sake of

certainty, it is necessary in construing statutes, to be somewhat critical in the examination of language, but when the object and purpose of the law are free from all doubt, to sacrifice them to avoid slight verbal difficulties would be to bring back the scholastic trifling of the middle ages." *Humphrey v. Copeland*, 54 Ga. 543, 545; *20th Century-Fox Film Corp. v. Phillips*, 76 Ga. App. 825, 831 (47 SE2d 183). Even the allegation in the body of the application, standing alone, is sufficient compliance with the statute, although not using the exact order of words, but when this is supported by the definitive statement a virtually literal compliance has been achieved. Similarly, the statements in the certificate were a sufficient compliance with the requirement of a certificate "to like effect," as provided in *Code* § 49-604 (c), as amended.

■ Another ground of attack upon the proceedings was that neither the application nor the certificate alleged that Mrs. Montgomery was "in need of hospitalization," which allegation, it is contended is required by *Code* § 49-604 (c), as amended, and *Code Ann.* § 88-506 (a) (Ga. L. 1964, pp. 499, 534).

*Code Ann.* § 49-604 (c) provides, in part, as follows: "In the case of a person for whom another person desires the appointment of a guardian *but not an order of hospitalization,* upon *application pursuant to subsection 88-506 (a)* and upon allegation that the person is mentally incompetent," etc. (Emphasis supplied.) Subsection (a) of *Code Ann.* § 49-604 pertains to the procedure for filing written application for hospitalization, and subsection (b) provides for the appointment of a guardian for a person who has already been involuntarily hospitalized in a psychiatric hospital. The present application is clearly brought under provisions of subsection (c), whereunder no order of hospitalization is sought. The fact that *Code Ann.* § 88-506 (a), pursuant to which the application of *Code Ann.* § 49-604 (c) is to be filed, requires the statement that the person is in need of hospitalization does not require a similar statement in a proceeding under *Code Ann.* § 49-604 (c). *Code Ann.* § 88-506 deals with the procedure for hospitalization under court order, whereas in *Code Ann.* § 49-604 (c), the ordinary is prohibited from ordering hospitalization, the order sought being for the

appointment of a guardian, who is authorized by said section to arrange for a suitable place for the custody, care, treatment, or hospitalization in a humane manner of the incompetent, or placement in the care of the Department of Health. Hospitalization, then, is not required under this Code subsection unless it is deemed necessary by the guardian in the particular case. The criterion for the guardian's disposition of his ward is provided in this subsection, namely: ". . . in the interest of the welfare of such person or of the welfare of others of the community in which such person resides." The ward's rights, even if he is hospitalized within the guardian's direction, are fully protected by the provisions of *Code Ch.* 88-5 as amended by Ga. L. 1964, pp. 499 et seq.

■ The third basis of the motion to dismiss is that those who acknowledged notice of the hearing were not those required by the law. *Code Ann.* § 49-604 (c) as amended provides that, after the application is filed pursuant to *Code Ann.* § 88-506 (a), the provisions of section 88-506 shall govern the procedure for appointment of a guardian, etc. *Code Ann.* § 88-506 (b) provides as follows: "Ten days written notice of the examination hearing on the application shall be given by the court of ordinary to the alleged patient or his attorney or guardian ad litem and to the three nearest adult relatives of such person residing within the State, one of such adult relatives being the spouse of the patient, if any, if such spouse resides in the State. Such notice may be waived in writing by such persons but may be waived in writing on behalf of the alleged patient only by his attorney or guardian ad litem." Appellant cites the case of *Morton v. Sims*, 64 Ga. 298, 302, supra, for the proposition that the petitioners cannot be considered as comprising the nearest adult relatives to whom notice can be given. The application shows the sole applicant, or petitioner, to be George M. Gilbert, Jr., with Mrs. Zellna S. Gilbert and Frank G. Elder being listed merely as nearest adult relatives, along with applicant. The Supreme Court held, relative to this situation, as follows (p. 302): "The scheme of the statute is to serve notice upon three, if that many are here, and if there be less than that many, upon two or one, as the case may be. If none is here,

then according to the letter of the statute, the ordinary may proceed upon proof of that fact; but, we think, as matter of practice, and to comply with the spirit of the statute, as well as the general law, it would be better for the ordinary to require the notice to be given to the alleged imbecile himself, or else designate by order a guardian ad litem to receive notice for him." Accordingly, even if the applicant was not a proper party to receive notice, there were named two additional parties. The fact that Mrs. Zellna S. Gilbert is Mrs. Montgomery's sister-in-law, hence not a blood relative, does not prevent her from being a "nearest adult relative." "The statute does not limit the nearest adult relative, referred to, to relationship by blood." *Phillips v. Phillips,* 202 Ga. 776, 778 (44 SE2d 767). Nor would the fact that the application requests her appointment as guardian have that effect. The fact that her appointment was requested does not mean that the ordinary was obligated to appoint her. Even if she were later appointed, this would not affect the propriety of having named her as one of the nearest adult relatives residing within the State, since her interests are not necessarily adverse to those of the alleged incompetent. The application contains a prayer that ten days' notice of the hearing on the application be given to (among others) the alleged incompetent's "three nearest adult relatives *residing within the State,* one of such relatives being the spouse of said person, if any, if such spouse resides in the State." (Emphasis supplied.) This is followed by the allegation that "[t]he names and addresses of the three nearest adult relatives are:", after which there is space for three names and addresses. Although the above allegation does not include the phrase "residing within the State," as is required by the statute, a reasonable construction of the allegation is that "the three nearest adult relatives" refers to those relatives mentioned thereinabove, namely: those who reside within the State and can be served with notice in order to constitute an adversary proceeding. Since the applicant is not an adversary and the resident of Texas was not "residing within the State," neither of them was a proper party for the purpose of notice. Their inclusion was merely surplusage, however, in view of our construction of the allegation, which

is that those named are in fact the nearest adult relatives residing within this State. The fact that only one of the persons named came within that category does not negate compliance with the statute under *Morton v. Sims*, 64 Ga. 298, supra. The contention that the named persons are not in fact the proper parties should be raised by a plea, alleging that there are nearer adult relatives and/or a spouse residing within this State, rather than by demurrer. Notice was given to the guardian ad litem, as required by *Code Ann.* § 88-506 (b). The notice provisions on the application are therefore sufficient as against the demurrers.

The record does not show that there was entered on the application any order for the appointment of a commission or of a permanent guardian, the only order having been entered thereon being the one merely authorizing the examination, which the record does not show was ever conducted. Accordingly, the court did not err in its judgment overruling the demurrers to the application and the motion to dismiss the application and to vacate all orders entered thereon.

*Judgment affirmed. Jordan and Deen, JJ., concur.*