## 59471. COLVIN v. UNITED STATES OF AMERICA.

McMurray, Presiding Judge.

Plaintiff brought this action of garnishment, naming as defendant Ronald W. Pollner, and the "United States Government, Internal Revenue Service," as garnishee, seeking to attach any moneys due the defendant to satisfy a child support obligation. Summons of garnishment was served on the Internal Revenue Service which did not file a timely answer. Default judgment was entered against the United States which subsequently filed its motion to set aside the default judgment. The default judgment was opened and the case dismissed for lack of jurisdiction of the subject matter. Plaintiff appeals. *Held:*

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U. S. 584, 586 (61 SC 767, 85 LE 1058). The United States has partially waived its sovereign immunity with respect to garnishment under 42 USCA § 659 which provides that "moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States . . . to any individual, . . . shall be subject, in like manner and to the same extent as if the United States . . . were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments." Tax refunds

are not included in those "moneys" which are subject to garnishment under 42 USCA § 659. Enfinger v. Enfinger, 452 FSupp. 553 (U.S.D.C., M.D. Ga. 1978).

Plaintiff contends that the United States has presented no evidence which shows that Pollner is not an employee whose wages are subject to garnishment. If Pollner is an employee of the United States, plaintiff argues, the trial court had subject matter jurisdiction of this garnishment proceeding.

The trial court has entered in its order several findings of fact which show that the moneys sought in this garnishment proceeding are not moneys due for employment but same is a tax refund of the defendant. The plaintiff has included no transcript of the hearing on the motion to set aside. Therefore, we must assume that the statements of the trial court in its order are authorized by the evidence at that hearing. *Johnson v. Scott,* 141 Ga. App. 645 (234 SE2d 184); *Foster v. Housing Authority,* 146 Ga. App. 12 (245 SE2d 349).

The motion to set aside was properly considered by the trial court. Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) provides in part: "a motion to set aside shall also lie to attack a judgment based upon lack of jurisdiction over the . . . subject matter, regardless of whether such lack of jurisdiction appears upon the face of the record of pleadings." It was not necessary that the pleadings affirmatively show that no claim in fact existed.

This action is beyond the limited waiver of sovereign immunity granted by 42 USCA § 659 and thus the trial court lacked subject matter jurisdiction. United States v. Sherwood, 312 U. S. 584, supra.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED FEBRUARY 5, 1980 — DECIDED MARCH 12, 1980.

*Robert A. Elsner,* for appellant.
*Barbara A. Harris, James A. Riedy, M. Carr Ferguson, Gilbert E. Andrews,* for appellee.