*Johnson III, Assistant District Attorneys,* for appellee.

## 61592. HAWKINS v. WALKER.

CARLEY, Judge.

On May 9, 1979, appellant Hawkins, administratrix of the estate of Robert Neal, filed an application in the Probate Court of Thomas County for leave to sell land "for the purpose of paying debts and making distribution to heirs." Despite the provision of Code Ann. § 113-1706 that "notice of the same shall be published once a week for four weeks before the hearing in the newspaper in which county advertisements are published," notice of appellant's application was published in the official county organ in only two of the four weeks preceding the hearing on the application. On June 4, 1979, however, the probate court, after reciting that appellant's application had "been duly filed and it appearing that notice of same has been published as required by law," entered an order granting appellant leave to sell the property. Pursuant to this order a sale of the property was held and appellant bought it in for her own account.

Subsequently, appellee filed a motion in the probate court to set aside the order granting appellant's petition to sell the property. The stated ground of the motion to set aside was "that the Thomas County Probate Court lacked jurisdiction over the subject matter of the action ... That the failure to advertise as required by law deprived the Probate Court ... of jurisdiction to grant the Leave to Sell, and the Judgment and Order rendered in the above styled action is therefore invalid." The probate court denied the motion to set aside and appellee appealed to the superior court. The superior court entered an order setting aside the order of the probate court "as being void because the required Notice was not published once a week for four weeks prior to the hearing . . ." Appellant appeals.

Appellant contends only that it was error to set aside the judgment of the probate court based upon an alleged nonamendable defect which did *not* appear on the face of the record or pleadings — the lack of compliance with the statutory notice requirements — and which required consideration of evidence adduced on the hearing of the motion. Appellant urges that a motion to set aside would lie only to reach a nonamendable defect which appears *on the face of the record or pleadings.* We find this argument meritless in the context of the instant appeal. "[U]nder the amendment to Code § 81A-160 (d) (Ga. L. 1974, p. 1138) a motion to set aside a judgment may be 'based upon lack of jurisdiction over the person or subject matter, regardless

of whether such lack of jurisdiction appears upon the face of the record or pleadings.' " *Allen v. Alston,* 141 Ga. App. 572, 573 (1) (234 SE2d 152) (1977). Under existing Code Ann. § 81A-160 (d) "[a] motion to set aside a judgment must be predicated upon some nonamendable defect which appears on the face of the record or pleadings, *or upon lack of jurisdiction."* (Emphasis supplied.) *King v. King,* 242 Ga. 770, 772 (251 SE2d 516) (1979). Appellee's motion to set aside raised a jurisdictional issue and, accordingly, "face-of-the-record" cases predating the 1974 amendment to Code Ann. § 81A-160 (d) are not decisive on the issue of whether the judgment was properly set aside. *Cook v. Bright,* 150 Ga. App. 696 (258 SE2d 326) (1979). Compare *Citizens & Southern Nat. Bank v. Brown,* 149 Ga. App. 795, 796 (2) (256 SE2d 72) (1979). The decisive issue is whether the probate court lacked subject matter jurisdiction to enter the order granting appellant leave to sell the property. See *Colvin v. U. S. A.,* 153 Ga. App. 874 (267 SE2d 297) (1980).

"The ordinary has no power to grant leave to sell without the notice and advertisement required by law." *Fussell v. Dennard,* 118 Ga. 270 (1) (45 SE 247) (1903). "The administrator is an agent with limited authority, and he can only acquire power to sell by complying with the requirements of the statute as to advertisement and citation. The court in turn only has authority to confer this power after such notice has been given." *Fussell,* 118 Ga. at 272, supra. "Though a judgment of the ordinary granting leave to sell being regular upon its face and thereby presumptively valid, such presumption is only prima facie and may be rebutted by evidence showing that the jurisdictional fact of publication of the statutory notice had not been accomplished at the time of the grant of the order. [Cits.]" *Fuller v. Dillon,* 220 Ga. 36, 39 (136 SE2d 733) (1964). Therefore, publishing the notice once a week for four weeks in the official organ of the county as required under Code Ann. § 113-1706 was essential to confer jurisdiction upon the probate court and, accordingly, it was not error for any reason urged on appeal to order that the judgment be set aside. Cf. *Hatgimisios v. Smith,* 229 Ga. 475 (192 SE2d 270) (1972).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 18, 1981.

*P. C. Andrews, Jr.,* for appellant.
*John T. Holt,* for appellee.