77619. SANDERS v. S. D. LEASING, INC.
(376 SE2d 420)

BIRDSONG, Chief Judge.

This appeal is from a summary judgment domesticating an Arkansas judgment in the amount of $4,781.50 with interest specified.

The appellant Sanders d/b/a Quick Soul Food, concedes in brief that he "never set foot" in Arkansas, that he leased a jukebox from the appellee S. D. Leasing, Inc., under a document wherein he agreed that in the event of his default he consented to be subject to Arkansas jurisdiction. He also asserts in brief that all transactions for lease of the jukebox were handled through the mail, and that the jukebox was delivered to Quick Soul Food, his place of business in Georgia.

Appellant Sanders enumerates three errors, none of which directly faces the basis of the trial court's ruling. *Held:*

1. Sanders contends the court below erred in granting summary

judgment to the plaintiff while failing to review and consider the entire record, specifically, the "unrebutted affidavit of Charles R. Sanders wherein he stated under oath that he had never been served with the Arkansas action"; and, further, that the plaintiff S. D. Leasing had failed to prove pursuant to Arkansas law that the process server was duly appointed to serve the underlying complaint.

The Arkansas court expressly found jurisdiction of the defendant (appellant here) and of the subject matter, and found "due service of process by Summons has been made on the Defendants for the time and in the manner prescribed by law issued on the Complaint of the Plaintiff. . . ." This judgment has not been shown to be void on its face for any reason. According to OCGA § 9-12-132 of the Uniform Enforcement of Foreign Judgments Law, ". . . [a] filed foreign judgment has the same effect and is *subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner."* (Emphasis supplied.)

According to OCGA § 9-11-60 (a) (b), unless a judgment is void on its face, it must be attacked by *direct proceeding* by motion for new trial or motion to set aside only in the court of rendition. Whether the "court of rendition" is Arkansas, or, under OCGA § 9-12-132, may be deemed to be Georgia, a direct attack was not made in this case.

The trial court could not hear an attack on the Arkansas judgment because none was made except in response to motion for summary judgment for domestication here. No matter or proceeding was filed by appellant as provided by OCGA § 9-11-60 to attack the Arkansas court's jurisdiction. He assuredly could not do so merely by response to motion for summary judgment.

2. Appellant contends the trial court erred "by allowing comity to a punitive damages application of the contract." There is no merit in this contention, for the Arkansas judgment expressly found the appellant to be liable to S. D. Leasing "in the amount of $4,705.25, representing the amount as alleged in the Complaint as reduced by a calculation of present value and mitigation." (Court costs were added to the demand in this action.) Under *Taylor v. Commercial Credit &c. Corp.*, 170 Ga. App. 322 (316 SE2d 788), these are liquidated damages and not a penalty.

3. Appellant contends the trial court erred by allowing a corporation doing business in Georgia to maintain an action without first qualifying with the Secretary of State's office, in accordance with OCGA § 14-2-331 (b).

It strikes us first that fundamentally, the appellee was not "doing business in Georgia." See OCGA § 14-2-310; *Roberts v. Chancellor Fleet Corp.*, 182 Ga. App. 69 (354 SE2d 628). But assuming appel-

lant's first premise to be correct, he cannot prevail. OCGA § 14-2-331 (c) provides: "The failure of a foreign corporation to obtain the certificate of authority to transact business in this state . . . *shall not prevent the corporation from . . . proceeding in any court of this state; nor shall any party avail himself of the benefit of subsection (b) of this Code section except upon motion prior to judgment.*" (Emphasis supplied.) No such affirmative motion prior to judgment was filed in this case by the appellant. Therefore, according to the plain words of the statute, he cannot avail himself of this defense.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 29, 1988.

*Robert S. Devins*, for appellant.

*Lamberth, Bonapfel, Cifeli & Wilson, Therese G. Franzen, Sanders B. Deen*, for appellee.