A91A0468. AGENCY MANAGEMENT SERVICES v. ESCAPE TRAVEL/TOUR SERVICES.

(406 SE2d 285)

McMURRAY, Presiding Judge.

Escape Travel/Tour Services (plaintiff) instituted this action for enforcement of a foreign judgment in the State Court of Fulton County, Georgia, and filed an authenticated judgment from the District Court of Clark County, Nevada pursuant to Georgia's Uniform Enforcement of Foreign Judgments Law, OCGA § 9-12-130 et seq. The Nevada judgment was entered against Agency Management Services (defendant) on December 28, 1989, and it is in the principal amount of $50,278. Defendant, acting pro se, filed a motion to set aside the Nevada judgment. Plaintiff later filed a "MOTION TO AMEND FOREIGN JUDGMENT," seeking to change the "caption in this matter [to] show the Plaintiff as being 'ESCAPE TRAVEL/ TOUR SERVICES, INC.' and the Defendants as being 'AGENCY MANAGEMENT SERVICES, INC., a Georgia corporation; TOM STERNBERG; HAIM STERNBERG and DOES I through X, inclusive. . . .'" Plaintiff alleged "that the sole reason for misstating the Plaintiff's name and omitting the complete list of Defendants was a clerical error as evidenced by the 'ORDER CORRECTING JUDGMENT NUNC PRO TUNC.'" Plaintiff filed an authenticated copy of a District Court of Clark County, Nevada "ORDER CORRECTING JUDGMENT NUNC PRO TUNC," providing, in pertinent part, as follows:

"Plaintiff appearing by and through its attorney . . . and Defendants having appeared neither personally nor through counsel . . . and the court being fully apprised in the premises and having entered Findings of Fact and Conclusions of Law, and a Judgment having been filed on December 28, 1989, and certain Defendants' names, which were on the original Complaint and Answer, having been inad-

vertently omitted from the caption on said Judgment, and Plaintiff's own corporate name having been slightly misstated thereon, the court finds that [the] correct caption in this matter should show the Plaintiff as being 'ESCAPE TRAVEL/TOUR SERVICES, INC.'; and the Defendants as being 'AGENCY MANAGEMENT SERVICES, INC., a Georgia corporation; TOM STERNBERG; HAIM STERNBERG and DOES I through X, inclusive'; and that the sole reason for misstating the Plaintiff's name and omitting the complete list of Defendants was a clerical error, and good cause appearing therefor: IT IS HEREBY ORDERED that this Order and Judgment be entered in place of the Judgment entered herein on December 28, 1989[, and] that Defendants, jointly and severally, shall pay to Plaintiff the sum of $50,278.00, plus interest at the statutory rate until paid in full, calculated from September 18, 1989, the date of service of the Summons and Complaint upon Defendants."

At a hearing on defendant's motion to set aside and plaintiff's "MOTION TO AMEND FOREIGN JUDGMENT," the state court denied defendant's motion to set aside and ordered a change in the caption to the case sub judice. The state court later entered an order amending the caption of the case sub judice "to show the Plaintiff as being 'ESCAPE TRAVEL/TOUR SERVICES, INC.' and the Defendants as being 'AGENCY MANAGEMENT SERVICES, INC., a Georgia corporation; TOM STERNBERG; HAIM STERNBERG and DOES I through X[,] inclusive'; and [ordering] a replacement Writ of Fifa issue with the corrected caption." This pro se appeal followed. *Held*:

1. An appeal from an order denying a motion to set aside filed pursuant to OCGA § 9-11-60 (d) is subject to the application procedures set forth in OCGA § 5-6-35 (b). *Leader Nat. Ins. Co. v. Martin*, 185 Ga. App. 27, 30 (2) (363 SE2d 281). In the case sub judice, defendant failed to follow the discretionary appeal procedure of OCGA § 5-6-35 (b). Consequently, the appeal from the order denying defendant's motion to set aside the Nevada judgment must be dismissed. Further, this Court has no jurisdiction to consider the direct appeal from the state court's interlocutory order recognizing the misnomer in the December 28, 1989, Nevada judgment. See *English v. Tucker Fed. Sav. &c. Assn.*, 175 Ga. App. 69 (332 SE2d 365). However, assuming the contrary, the order correcting the misnomer presents nothing for review since the state court's ruling did nothing to change the effect of the properly filed and authenticated foreign judgment entitled "ORDER CORRECTING JUDGMENT NUNC PRO TUNC." See OCGA §§ 9-12-132; 9-12-133. This appeal must be dismissed.

2. Defendant Agency Management Services' motion for sanctions is denied.

*Appeal dismissed. Andrews, J., concurs. Sognier, C. J., concurs in the judgment only.*

DECIDED JUNE 5, 1991.

Tom Sternberg, *pro se.*
Scott F. Randolph, *pro se.*

