A91A1888. HAMMETTE et al. v. EICKEMEYER.

(416 SE2d 824)

COOPER, Judge.

Appellee filed an Arizona judgment that he had obtained against appellant Hammette with a Georgia court pursuant to OCGA § 9-12-130 et seq., the Uniform Enforcement of Foreign Judgments Law. Pursuant to the statute, the Georgia court notified appellants of the filing, and appellants filed a response requesting that enforcement of the foreign judgment be stayed due to the lack of jurisdiction over appellants by the Arizona court. In their response, appellants also asserted a counterclaim against appellee. Appellee failed to appear at the calendar call, and the trial court issued an order granting default judgment and awarding damages to appellants on the counterclaim. Appellee then filed a motion to set aside the trial court order on the counterclaim, arguing that the trial court did not have personal or subject matter jurisdiction over appellee or the counterclaim pursuant to OCGA § 9-12-130 et seq. The trial court granted appellee's motion to set aside the judgment on the counterclaim but temporarily stayed enforcement of the Arizona judgment.

Appellants then moved to set aside and permanently stay enforcement of the Arizona judgment, and the trial court set aside the Georgia judgment that resulted from the filed foreign judgment after the court determined that the Arizona court lacked personal jurisdiction over appellants. Appellee did not appeal the order setting aside the filed Arizona judgment; however appellants appeal from the order of the trial court granting appellee's motion to set aside the judgment on the counterclaim.

This case presents the issue of whether a counterclaim can be asserted in a proceeding instituted under the Uniform Enforcement of Foreign Judgments Law, a question of first impression in this state. The trial court found that OCGA § 9-12-130 et seq. is a special statutory proceeding for filing a foreign judgment and does not provide for the filing of counterclaims by the judgment debtor; that the Court did not have any jurisdiction to enter any judgment against the appellee as to appellants' counterclaim; that the only question which may be litigated pursuant to OCGA § 9-12-130 et seq. is whether the enforcement of the foreign judgment should be stayed in Georgia; and that the filing of the foreign judgment by the judgment creditor submits the appellee to the jurisdiction of this Court only to the extent necessary for a determination of whether the foreign judgment's enforcement should be stayed in Georgia. The reasoning of the trial court finds support in both the statutory scheme and in decisions of other jurisdictions. The Uniform Enforcement of Foreign Judgments Law is a summary procedure for endowing a filed foreign judgment with the "same effect" as a judgment of the court in which it is filed. See

OCGA § 9-12-132. The remedy allowed a judgment debtor under the statute is a stay of enforcement of the foreign judgment. OCGA § 9-12-134. The statute makes no provisions for the assertion of counterclaims by a judgment debtor. Further, the statute provides that it "shall be interpreted and construed to achieve its general purposes to make the law of those states which enact it uniform." OCGA § 9-12-137.

Other jurisdictions faced with this issue have deemed the assertion of counterclaims inconsistent with the summary nature of the uniform law and the purpose of the law, which is to expedite the recognition and enforcement of foreign judgments. *Gem Mfg. Corp. v. Lents Indus.*, 554 P2d 166 (1976). As stated in *Gem Mfg.*, "[t]he debtor should have the opportunity to present defenses for the purpose of impeaching the validity of the judgment, but it is reasonable to end the inquiry there." Id. at 168-169. See also *Landon v. Artz*, 631 P2d 1237 (1981). We conclude that the reasoning set forth in the above cases and in the trial court's order is correct. Appellants' counterclaim was not properly asserted, and the motion to set aside the judgment on the counterclaim was correctly granted.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 6, 1992.

*Garrett, McManus & Grubb, John G. Grubb, Jr.*, for appellants.
*Palmer, Howard & Clark, J. Larry Palmer, Christopher C. Howard, Jr.*, for appellee.