A93A0831. ARNOLD v. BRUNDIDGE BANKING COMPANY.
(433 SE2d 388)

SMITH, Judge.

This is an action to enforce a foreign judgment pursuant to the Uniform Enforcement of Foreign Judgments Law, OCGA § 9-12-130.

Brundidge Banking Company filed an action in the Superior Court of Dougherty County, Georgia, seeking to domesticate and enforce a judgment obtained against Arnold and Plantation Transport, Inc., in the Circuit Court of Pike County, Alabama. Arnold moved to set aside the Alabama judgment on the ground of lack of jurisdiction over his person. The Georgia court denied Arnold's motion, domesticated the Alabama judgment, and entered final judgment in favor of Brundidge. Arnold appeals, enumerating as error the denial of his motion to set aside the foreign judgment. We affirm.

In a motion to set aside a foreign judgment the standard is iden-

tical to that of OCGA § 9-11-60 (d). OCGA § 9-12-132. The defendant must show that the judgment is defective due to lack of jurisdiction over the person or subject matter, due to fraud, accident or mistake, or due to a nonamendable defect on the face of the pleadings. *Hawkins v. Walker*, 158 Ga. App. 562 (281 SE2d 311) (1981). Arnold has not met this burden.

Although Arnold contends in his brief that he has had no contact with the State of Alabama and that the Alabama courts had no jurisdiction over his person, nothing in the record of the Georgia court shows any sworn testimony or evidence presented to support that claim or his motion to set aside the judgment.[1] "It is the duty of the party asserting error to show it by the record. [Cits.] Assertions of evidence in briefs or enumerations of error cannot satisfy this duty. [Cit.]" *York v. Miller*, 168 Ga. App. 849, 850 (310 SE2d 577) (1983).

"A brief or attachment thereto cannot be used in lieu of the record or transcript for adding evidence to the record; we must take our evidence from the record and not from the brief of either party. [Cit.] The burden is on appellant to show error by the record, and when a portion of the evidence bearing upon the issue raised by the enumeration of errors is not brought up so that this court can make its determination from a consideration of all relevant evidence bearing thereon, an affirmance as to that issue must result. [Cits.]" *Nodvin v. West*, 197 Ga. App. 92, 97 (397 SE2d 581) (1990).

We also note that Brundidge has attempted to supplement the record on appeal with the Alabama record, which shows that Arnold appeared and litigated the issue of personal jurisdiction in the Alabama courts, thereby foreclosing him from relitigating that issue. Brundidge's statement of Georgia law is correct in principle. See *Packer Plastics v. Johnson*, 205 Ga. App. 797 (423 SE2d 690) (1992). However, the proceedings of the Alabama court are not properly before us.

The record in the Circuit Court of Pike County, Alabama, did not form part of the record in the Georgia trial court, but was transmitted at the request of counsel as a "Supplemental Record" after the docketing of this appeal. Matters which were not part of the record until after entry of judgment and docketing of the appeal cannot be considered as an "authentic part of the record on appeal." *Burgess v. Nabers*, 122 Ga. App. 445, 447 (2) (177 SE2d 266) (1970). However,

---

[1] In his brief, Arnold contends that the guaranty agreement which forms the basis of his liability is to be construed according to the laws of Georgia. He bases this claim upon a provision of the guaranty which reads: "This agreement is governed by the laws of the state in which you are located." That agreement was not part of the record below, but review of the copy attached to Arnold's brief as Exhibit "B" shows that the agreement explicitly defines "You" as "the lender, its successors and assigns." Even had it been properly presented, this contention has no merit.

exclusion of the "Supplemental Record" does not change the outcome of this appeal.

As the trial court observed, even if Arnold were entitled to raise the issues of the Alabama court's lack of personal jurisdiction in this domestication action, the Georgia order shows on its face that the requirements of in personam jurisdiction were met under Alabama law, ARCP 4.2 (a) (2) (I), which was properly noticed and introduced under OCGA § 9-11-43 (c). Arnold presented no evidence on the record to controvert this finding. Therefore, under the "any evidence" standard of review, the trial court's denial of Arnold's motion to set aside the judgment will be upheld. *Wolfe v. Rhodes*, 166 Ga. App. 845, 847 (305 SE2d 606) (1983).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 28, 1993.

*Ralph L. Phillips*, for appellant.
*Ronald W. Russell, Frankel, Hardwick, Tanenbaum & Fink, Joel S. Arogeti*, for appellee.

