## A04A0083. CHERWOOD, INC. v. MARLIN LEASING CORPORATION.

(601 SE2d 356)

JOHNSON, Presiding Judge.

Marlin Leasing Corporation ("Marlin") obtained a default judgment against Cherwood, Inc. d/b/a Pak Mail ("Pak Mail") and Norman Woodward Fowler in the Superior Court of New Jersey. Marlin then filed an authenticated copy of the New Jersey judgment in the Superior Court of Cobb County with the intent of enforcing the judgment under authority of the Uniform Enforcement of Foreign Judgments Law (the "Uniform Act").[1] Following our grant of its application for discretionary appeal,[2] Pak Mail appeals the trial court's order denying its motion to set aside the judgment. We reverse because venue for filing the judgment was not proper in the Superior Court of Cobb County.

"A trial court's ruling on a motion to set aside a judgment will be affirmed if there is any evidence to support it."[3] For our purposes, the only relevant evidence is Fowler's affidavit filed in support of the motion to set aside, and the uncontested representations made at the hearing on that motion, showing that Pak Mail's registered office was in Henry County. Based on the foregoing, Pak Mail objected to venue in the Superior Court of Cobb County, but the trial court reluctantly held that Pak Mail could not show venue was improper because the Uniform Act has no venue provision.

The Uniform Act provides that "[a] copy of any foreign judgment authenticated in accordance with an act of Congress or statutes of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state."[4] Although the Uniform Act does not specifically provide for the proper venue for the filing of a foreign judgment, the Georgia Constitution contains a generally applicable rule as to venue: "All other civil cases, . . . shall be tried in the county where the defendant resides; venue as to corporations, foreign and domestic, shall be as provided by law. . . ."[5] The question, one of first impression, is whether the general venue provision of the Georgia Constitution applies to a filing under the Uniform Act.

We have characterized the Uniform Act as a "summary procedure" for endowing a filed foreign judgment with the same effect as a

---

[1] OCGA § 9-12-130 et seq.

[2] We dismissed Fowler's appeal by our order of October 24, 2003.

[3] *Hoesch America, Inc. v. Dai Yang Metal Co.*, 217 Ga. App. 845, 849 (3) (459 SE2d 187) (1995).

[4] OCGA § 9-12-132.

[5] Art. VI, Sec. II, Par. VI, Ga. Const. 1983.

judgment of the court in which it is filed.[6] Marlin argues that the Uniform Act therefore provides for a procedure for filing and not the commencement of a civil action subject to the general venue provision. We reject this argument because a filing under the Uniform Act may become subject to certain civil proceedings.[7] For instance, the filing of the foreign judgment may be attacked by questioning the personal jurisdiction of the foreign court.[8] Such a challenge would necessarily be adjudicated in the court where the filing under the Uniform Act was made, showing the court is more than simply a depository for recording the foreign judgment.

Considering a filing under the Uniform Act in light of the general venue provision of the Georgia Constitution, we see that such a filing is civil in nature, "case" is a term which may encompass a broad range of disputes,[9] and a filing under the Uniform Act may give rise to adversary proceedings, all of which indicate that a filing under the Uniform Act is a civil case which should be tried in the venue specified by the Georgia Constitution. Accordingly, we conclude that the filing of a foreign judgment under the Uniform Act must comply with the general venue requirements of the Georgia Constitution. To rule otherwise would allow forum shopping by the unscrupulous plaintiff, not to mention presenting defendants who wish to challenge a filing under the Uniform Act with geographical inconveniences not faced by similarly situated defendants. We note that our research has found that courts in other states, when faced with a lack of specified venue in their version of the Uniform Act, have also turned to generally applicable venue provisions.[10]

The Georgia Constitution provides that venue in civil cases as to corporate defendants shall be as provided by law, and our General

---

[6] *Hammette v. Eickemeyer*, 203 Ga. App. 243 (416 SE2d 824) (1992).

[7] See id. at 244; *Arnold v. Brundidge Banking Co.*, 209 Ga. App. 278 (433 SE2d 388) (1993) (overruled on other grounds, *Okekpe v. Commerce Funding Corp.*, 218 Ga. App. 705, 706 (463 SE2d 23) (1995)) (motion to set aside a foreign judgment filed under the Uniform Act considered under standard of OCGA § 9-11-60 (d)).

[8] *Eastlawn Corp. v. Bankers Equip. Leasing Co.*, 211 Ga. App. 551, 553 (439 SE2d 753) (1993).

[9] For instance, OCGA § 15-6-77 (e) (1) provides:
the term "civil cases" shall include all actions, cases, proceedings, motions, or filings civil in nature, including but not limited to actions for divorce, domestic relations actions, modifications on closed civil cases, adoptions, condemnation actions, and actions for the validation and confirmation of revenue bonds. Any postjudgment proceeding filed more than 30 days after judgment or dismissal in an action shall be considered as a new case for the purposes of this Code section.

[10] See *Fortney v. Fortney*, 1998 Conn. Super. LEXIS 3786 (December 3, 1998); *Ex parte Wells*, 567 S2d 388, 389-390 (Ala. Civ. App. 1990); *Wilkerson v. First Nat. Bank of Odessa, Texas*, 668 SW2d 941 (Ark. 1984); *Kohlbusch v. Eberwein*, 642 SW2d 683, 685 (Mo. App. 1982).

Assembly has provided that venue for "civil proceedings generally, [lies] in the county of this state where the corporation maintains its registered office."[11] Accordingly, proper venue for filing the New Jersey judgment was in Henry County, not Cobb County. Because venue was improper, the trial court did not have jurisdiction to rule on whether the New Jersey court had jurisdiction over Pak Mail, and we will not consider Pak Mail's claims of error with respect to that issue.[12] The trial court's order denying Pak Mail's motion to set aside must be reversed, and Marlin's filing of the New Jersey judgment must be set aside as to Pak Mail. The trial court is directed to transfer the filing of the New Jersey judgment, as to Pak Mail, to the proper venue under authority of Uniform Superior Court Rule 19.[13]

*Judgment reversed with direction. Smith, C. J., and Phipps, J., concur.*

DECIDED MAY 27, 2004 —
RECONSIDERATION DENIED JUNE 22, 2004.

*Power, Futch & Cooper, Warren R. Power, LeAnne P. Cooper, Jennifer N. Haskins*, for appellant.

*Victoria J. Hoffman*, for appellee.

---

[11] OCGA § 14-2-510 (b) (1).

[12] See *Zepp v. Toporek*, 211 Ga. App. 169, 172-173 (2) (438 SE2d 636) (1993).

[13] A motion that venue is improper "shall be treated as a motion to transfer the action to another court." USCR 19.1 (A). See also *Zepp*, supra, 211 Ga. App. at 172 (1) (e). Venue was also improper as to Fowler as he did not reside in Cobb County, but as his appeal was dismissed the trial court's denial of Fowler's motion to set aside is not subject to reversal.