A04A1089. ARROWHEAD ALTERNATOR, INC. et al. v. CIT
COMMUNICATIONS FINANCE CORPORATION.
(602 SE2d 231)

ELLINGTON, Judge.

Arrowhead Alternator, Inc. and James Kalina (collectively, "Arrowhead") appeal from an October 20, 2003 judgment of the Superior Court of Clayton County ordering Arrowhead to pay $67,204.61 to CIT Communications Finance Corporation ("CIT"). Because the October 20, 2003 judgment was void ab initio as a second judgment between the same parties in the same suit, and Arrowhead should have filed an application from the only appealable decision, the October 15, 2003 order denying the motion to set aside, we dismiss this appeal for lack of jurisdiction.

On February 21, 2003, CIT obtained a default judgment against Arrowhead in a New Jersey court. On April 30, 2003, CIT filed a petition for domestication of the New Jersey judgment in the Superior Court of Clayton County pursuant to the Uniform Enforcement of Foreign Judgments Law (the "Uniform Act"). OCGA §§ 9-12-130 through 9-12-138. In addition to specifically invoking OCGA § 9-12-133, the petition included as an attachment an authenticated copy of the New Jersey judgment, as required by OCGA § 9-12-132, and an affidavit of creditor's counsel, as required by OCGA § 9-12-133.

On May 8, 2003, Arrowhead moved to set aside the New Jersey judgment. The trial court held an evidentiary hearing on September 9, 2003, and denied Arrowhead's motion to set aside on October 15,

2003. The trial court found that the New Jersey court had jurisdiction over Arrowhead for purposes of entering the default judgment, that Kalina was adequately served with process, and that New Jersey had adopted a version of the Uniform Act, as required for application of the Uniform Act to the New Jersey judgment. See OCGA § 9-12-138. The trial court then issued a separate judgment on October 20, 2003, ordering Arrowhead to pay CIT $65,626.96 in principal and $1,577.65 in attorney fees, the exact amount of the New Jersey default judgment. Arrowhead did not seek to appeal from the denial of its motion to set aside, but rather filed a direct appeal of the October 20, 2003 judgment.

Before considering the merits of Arrowhead's enumerations, we must determine whether we have jurisdiction to hear this appeal. Under the Uniform Act,

> [t]he clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed. A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner.

OCGA § 9-12-132. See also *Hammette v. Eickemeyer*, 203 Ga. App. 243 (416 SE2d 824) (1992). Accordingly, the New Jersey judgment, as filed under the Uniform Act, had the same effect as a judgment originally entered in the Superior Court of Clayton County. Thus, the situation here is parallel to one in which the trial court had issued a default judgment against Arrowhead for $67,204.61, the trial court then denied a motion to set aside the default judgment, and subsequently issued a second judgment for $67,204.61.

> In the absence of a statute to the contrary it is a general rule that there can be only one final judgment in any action at law, and that is the one which, in effect, ends the suit and finally determines the rights of the parties with relation to the matter in controversy. . . . It follows as a necessary consequence of the general rule that, when a final judgment has once been entered, no second or different judgment may be rendered between the same parties and in the same suit, until the first shall have been vacated and set aside or reversed on appeal or error. Where a second judgment is entered by a court after the first judgment has become final the second judgment is void.

(Footnotes omitted.) 49 CJS, Judgments, § 76. See also *Mendenhall v. Stovall*, 195 Ga. 492, 496-497 (24 SE2d 795) (1943) (there must be a point in every court procedure when the particular cause is finally disposed of, its thread cut, and the parties are out of court). It follows that the October 20, 2003 judgment was void ab initio and is a nullity because the New Jersey judgment, as domesticated in Georgia, had not been vacated or set aside.

The proper method for attacking a foreign judgment filed in Georgia under the Uniform Act is a motion to set aside under OCGA § 9-11-60 (d). *Arnold v. Brundidge Banking Co.*, 209 Ga. App. 278 (433 SE2d 388) (1993) (overruled on other grounds, *Okekpe v. Commerce Funding Corp.*, 218 Ga. App. 705, 706 (463 SE2d 23) (1995)). "[T]he discretionary appeal procedures are required to appeal the denial of a motion to set aside a judgment filed pursuant to OCGA § 9-11-60 (d)." *Ubosi v. Leasecomm Corp.*, 226 Ga. App. 606, 607 (487 SE2d 141) (1997). The only appealable judgment in this case was the October 15, 2003 order denying the motion to set aside. Because Arrowhead has failed to appeal the denial of its motion to set aside by application, we have no jurisdictional basis for this appeal and it must be dismissed. See generally *Dept. of Human Resources v. Holland*, 236 Ga. App. 273, 274 (511 SE2d 628) (1999) (order was a nullity and provided no basis for review).

*Appeal dismissed. Andrews, P. J., and Miller, J., concur.*

DECIDED JULY 12, 2004 — ▮▮▮▮▮▮▮▮▮

*Paul S. Weiner*, for appellants.
*Nelson, Mullins, Riley & Scarborough, Richard B. Herzog, Jr.*, for appellee.