**Allen WILSON, Appellant,**

v.

**HOLT GRAPHIC ARTS, INC., Appellee.**

**Nos. 07–CV–347, 07–CV–348.**

District of Columbia Court of Appeals.

Submitted May 13, 2008.
Decided Oct. 1, 2009.

---

Allen Wilson, pro se.

Matthew August LeFande, Arlington, VA, for appellee.

Before KRAMER, FISHER and THOMPSON, Associate Judges.

KRAMER, Associate Judge:

The trial court entered a writ of *fieri facias* to enforce a domesticated judgment issued to Holt Graphic Arts ("Holt") against appellant Allen Wilson, an attorney appearing *pro se*. On appeal, Wilson argues that the trial court abused its discretion in entering the writ of *fieri facias* because (1) the foreign judgment was issued by a court without proper personal jurisdiction; (2) he was not notified of the California court date and therefore was unable to defend that case; (3) the foreign judgment was barred by *res judicata* and, contrary to the trial court's finding, that argument was not waived; and (4) the foreign judgment conflicted with another final and conclusive judgment. He also argues that the writ was improperly executed against his primary residence. We affirm.

Holt sued Wilson in the Superior Court of Alameda County, California, three times: twice in the Small Claims Division (Case Nos. 20000095668 and 2001009995) and once in the general court (Case No. 2000098608). The first two cases resulted in judgments against Wilson in the amount of $893.03 (plus $50.75 in court costs) and $993.13 (plus $100 in court costs), respectively. The third case resulted in a judgment against Wilson for $9,201.25, plus pre-judgment interest, court costs, and Holt's attorney's fees,[1] for a total of $14,607.67. The focus of this appeal—the third judgment—was domesticated and enforced through a writ of *fieri facias*, which resulted in the forced sale of Wilson's primary residence.[2]

First, we reject Wilson's argument that the trial court erroneously determined that the California court had personal jurisdiction over him when it issued the third judgment against him. As the trial court found, a Proof of Service filed with the Alameda County Superior Court certified that Wilson was personally served with both a summons and complaint in that case on December 1, 2000. Second, we reject Wilson's argument that the trial court erroneously held that his *res judicata* argument was waived. *See, e.g., Group Health Ass'n v. Reyes,* 672 A.2d 74, 75 (D.C.1996) (noting that, absent certain exceptions inapplicable in that case, as well

---

1. The contract between Holt and Wilson provided that Wilson "shall be liable for [Holt's] court cost, collection and all attorney's fees" "[i]n the event that it becomes necessary to institute suit." It did not provide for reciprocal treatment for Wilson.

2. The trial court ordered that the amount owed to Holt—calculated to be the principal judgment of $14,607.67, plus post-judgment costs and attorney's fees of $9,247.54, plus two-percent interest, accruing monthly, beginning on the date Holt filed suit in the District of Columbia—be paid with the proceeds of a judicial sale of Mr. Wilson's property at 355 I Street, Unit S121, in Southwest Washington. Mr. Wilson's motion to stay the entry of the writ of execution was denied in May 2007. It appears his property was ultimately levied, and that post-judgment interest was awarded with no opposition from Mr. Wilson.

as this one, a party that did not "amend, or seek leave to amend, its answer to plead *res judicata* before trial as an affirmative defense" had waived that argument); CAL. CODE CIV. PROC. 430.80(a) (2009) ("If the party against whom a complaint or cross-complaint has been filed fails to object to the pleading, either by demurrer or answer, that party is deemed to have waived the objection unless it is an objection that the court has no jurisdiction of the subject of the cause of action alleged in the pleading or an objection that the pleading does not state facts sufficient to constitute a cause of action.") Third, because Wilson's *res judicata* argument cannot succeed, neither can his argument that judgment should not have been enforced because it "conflicted with another final and conclusive judgment." [3]

■ Finally, we reject Wilson's argument that the trial court erred in recognizing the California judgment because he "did not receive notice of [the] proceeding in sufficient time to enable him to defend." Wilson is correct that, although the trial court specifically found that he had been served and therefore had notice of the suit against him (and we agree), the trial court made no finding that Wilson had notice of the California *court date* that ultimately resulted in the default judgment against him. Moreover, there is no proof of such notice in the record before us on appeal.[4] Nonetheless, no remand for inquiry into whether Wilson received notice of the trial date in the underlying suit is required in light of D.C.Code § 15–352 (2001), a provision of the Uniform Enforcement of Foreign Judgments Act of 1990. That section provides that "[a] foreign judgment filed with the [Office of the Clerk of the Superior Court] shall have the same effect and be subject to the same procedures, defenses, or proceedings for reopening, vacating, or staying as a judgment of the Superior Court and may be enforced or satisfied in the same manner." *Id.* Thus, in order to seek relief from the domesticated judgment in this court, Wilson needed to comply with our Super. Ct. Civ. R. 60, which requires such motions to be filed within a year in most cases, including this one.[5]

---

**3.** We note, furthermore, the record supports the trial court's conclusion that "[t]he evidence before the Court ... suggests that the earlier cases were actions based on separate statements of services between the parties," not the least of which is the fact that the judgment of which Wilson complains awarded Holt $9,201.25 (plus interest, court costs, and Holt's attorney's fees) and was based on an invoice for $9,201.25, while the other two judgments were for much smaller amounts not represented on the invoice that both Holt and Wilson agree underlay the third judgment.

**4.** As noted above, the Proof of Service in the record shows that Wilson was served with a summons and complaint on December 4, 2000. The November 15, 2001, California judgment against him (also in the record) indicates that the "matter came on for trial on November 7, 2001," and that Wilson failed to appear for trial. Neither of these documents, however, establishes that Wilson had notice of the November 7, 2001, trial date that gave rise to the default judgment. The Proof of Service establishes the existence of a summons but not the date for which Wilson was summoned. (That information would likely appear on the summons itself.) Likewise, although the judgment establishes the existence of a November 7, 2001, trial date, it does not establish whether Wilson had notice of that trial date, especially when one considers the possibility that the trial date and the date for which Wilson was originally summoned may not have been the same date.

**5.** Rule 60 merely requires that such motions be filed "within a reasonable time" where the judgment is void, Super. Ct. Civ. R. 60(b), but the California judgment in this case is not void. It is merely voidable. *Briscoe v. MacFarland*, 32 App. D.C. 167, 173 (1908) ("It is a familiar principle that the judgment of a court having no jurisdiction of the subject-matter is void in the strict sense of the word.... But, when a court has such juris-

*See Threatt v. Winston,* 907 A.2d 780, 788 (D.C.2006) ("We have not had much occasion to interpret this statute, but many jurisdictions implement their version of it by holding that the proper way to attack a foreign judgment is by filing in the receiving jurisdiction a motion or independent action under Rule 60 (or the local equivalent)."); *Arrowhead Alternator, Inc. v. CIT Commc'ns Fin. Corp.,* 268 Ga.App. 464, 602 S.E.2d 231, 232 (2004) ("The proper method for attacking a foreign judgment filed in Georgia under the Uniform Act is a motion to set aside under [the Georgia statutory equivalent of Rule 60]."); *Carr v. Bett,* 291 Mont. 326, 970 P.2d 1017, 1022 (1998) ("[A] Rule 60(b) motion is the appropriate motion to file to seek review of a foreign judgment filed in a Montana district court."); *Marworth, Inc. v. McGuire,* 810 P.2d 653, 656 (Colo.1991)

(relief from foreign judgments available under Colo. R. Civ. P. 60(b)); *Springfield Credit Union v. Johnson,* 123 Ariz. 319, 599 P.2d 772, 775 (1979) (allowing an independent action in Arizona under Rule 60 to attack a default judgment rendered in Massachusetts). Because Wilson has waited many years to voice his complaint about the judgment,[6] he is not entitled to relief under Rule 60, and the judgment shall stand.

The Superior Court's order is therefore

*Affirmed.*[7]

---

diction, and proceeds to render a judgment contrary to law or to its duty in the premises, that judgment is erroneous only; that is to say, voidable, but not void."), *aff'd, Briscoe v. Rudolph,* 221 U.S. 547, 31 S.Ct. 679, 55 L.Ed. 848 (1911). Wilson does not contend that the Superior Court of Alameda County lacked subject matter jurisdiction when it issued its judgment against him.

6. Indeed, it appears he never filed a Rule 60 motion with the trial court.

7. We decline to consider Wilson's argument that the writ of *fieri facias* should not have been executed against his primary residence. As Wilson correctly notes, D.C.Code § 15–501(a)(14) (2009 Supp.) exempts "from distraint, attachment, levy, or seizure and sale on execution or decree of any court in the District of Columbia" a "debtor's aggregate interest in real property used as the residence of the debtor;" however, such exemption must be claimed and its validity decided by the court on the merits. *See id.* §§ 15–521 to–523. The proceedings on appeal dealt only with whether the California judgment could be enforced; the separate question of whether a levy would be appropriate in light of a possible homestead exemption was never raised. *Cf. Amin v. Khazindar,* 112 Cal. App.4th 582, 591, 5 Cal.Rptr.3d 224 (Cal.Ct.

App.2004); *Sherbill v. Miller Mfg. Co.,* 89 So.2d 28, 30 (Fla.1956). As to the former question, which is properly before us, we agree with the trial court that the judgment contains no defect precluding its enforcement; as to the latter question, which is not properly before us, we express no opinion on any right of action Wilson may or may not have under the various provisions of the exemption statute.

Wilson also seeks attorney's fees for his *pro se* representation. That request is denied. See note 1, *supra; Oliver T. Carr Co. v. United Techs. Commc'ns. Co.,* 604 A.2d 881, 883 (D.C.1992) ("[T]his jurisdiction follows the American Rule under which every party to a case shoulders its own attorneys' fees, and recovers from other litigants only in the presence of statutory authority, a contractual arrangement, or certain narrowly-defined common law exceptions ....") (citing *Dalo v. Kivitz,* 596 A.2d 35, 37, 39 (D.C.1991)) (internal quotations omitted). In addition, Wilson, without citation, challenges the award of attorneys' fees to Holt on the grounds that Holt's attorney knew of the homestead exemption and should be denied attorneys fees for the writ of *fieri facias* because "it was Frivolous (perjury) [sic]." We decline to consider this argument. *E.g., McFarland v. George Washington Univ.,* 935 A.2d 337, 351

(D.C.2007) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.")