# Court of Appeals
# of the State of Georgia

ATLANTA, February 19, 2013

*The Court of Appeals hereby passes the following order:*

**A13A0732. ROBERT E. CASEY v. SUNTRUST BANK.**

On May 14, 2012, the trial court issued a "Final Judgment and Order as to [Defendant] Robert E. Casey." This order granted the plaintiff's motion for summary judgment and was also expressly certified, by the trial court, to be a final judgment. Casey filed a "Motion to Set Aside Judgment or, in the Alternative, Motion for Reconsideration." The trial court denied Casey's motion on September 21, 2012, and Casey filed this direct appeal on October 19, 2012. We lack jurisdiction.

To the extent Casey's post-judgment motion was a motion for reconsideration, as the trial court found, it did not extend the time to appeal from the underlying judgment and the order resolving it is not subject to direct appeal. See *Bell v. Cohran*, 244 Ga. App. 510 (536 SE2d 187) (2000). Accordingly, Casey's October 19 notice of appeal is untimely as to the May 14 judgment. See OCGA § 5-6-38 (a). In addition, the September 21 order is not subject to appellate review. See id.

Moreover, even if Casey's motion could be construed as an OCGA § 9-11-60 (d) motion to set aside, the order resolving it would not be subject to direct appeal. See OCGA § 5-6-35 (a) (8) (orders denying OCGA § 9-11-60 (d) motions are subject to discretionary appeal); *Arrowhead Alternator v. CIT Communications Finance Corp.*, 268 Ga. App. 464, 466 (602 SE2d 231) (2004).

Because we lack jurisdiction to consider this direct appeal, it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 02/19/2013
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*