# Court of Appeals
# of the State of Georgia

ATLANTA,  July 31, 2014

*The Court of Appeals hereby passes the following order:*

## A14A1778. LEWIS CORLEY et al. v. OCWEN LOAN SERVICING et al.

Lewis and Lucille Corley, plaintiffs in the case below, seek appellate review of the superior court's April 2, 2014 order rejecting their most recent attempt to challenge a 2011 residential foreclosure.[1] The Corleys filed a wrongful foreclosure action and, in February 2013, the superior court granted summary judgment to the defendants. The Corleys did not appeal. However, in May 2013 and again in July 2013, they moved to set aside the summary judgment on the ground that they had not received timely notice of the order. In August 2013, the trial court denied the Corleys' request for re-entry. Again, the Corleys did not appeal. Instead, in February 2014, they filed an "Emergency Motion to Set Aside Order Denying Re-Entry . . . ." The trial court denied the motion on April 2, and the Corleys filed this appeal.

---

[1] The underlying case appears to be the Corleys' fourth superior-court action challenging the foreclosure. According to the Corleys, this unique procedural posture is largely the result of the Gwinnett County superior court's requirement that, if a party seeks to file a pleading more than 30 days after entry of a final judgment, that pleading must be filed not only as a post-judgment motion in the existing case, but also as an initial pleading in a new case. Although we have concerns about the propriety of such a practice, we decline to address the issue at this time.

In their notice of appeal, the Corleys indicate that they are seeking review of the trial court's order in the most recent case; they identify their earlier actions only as related cases. But because substance controls over nomenclature, we decline to construe the challenged ruling as a final judgment in a fourth action. Instead, as discussed *infra*, we have construed the February 2014 motion as one seeking reconsideration of the superior court's August 2013 order.

In their February 2014 motion, the Corleys reiterated their argument that the summary judgment order should be set aside for lack of timely notice, and they urged the trial court to reconsider its refusal to re-enter that decision. This motion, was, therefore, a motion for reconsideration of the trial court's August 2013 order. See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (in pleadings, substance controls over nomenclature). And a trial court's order denying such a motion is not subject to appellate review. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000).

Alternatively, to the extent the Corleys' motion could be construed as an OCGA § 9-11-60 (d) motion to set aside the court's August 2013 order refusing to re-enter the summary judgment decision, they still would not be entitled to a direct appeal. Orders denying such motions are subject to the discretionary appeal procedures. See OCGA § 5-6-35 (a) (8); *Arrowhead Alternator v. CIT Communications Finance Corp.*, 268 Ga. App. 464, 466 (602 SE2d 231) (2004).

Because the trial court's April 2, 2014 order is not subject to appellate review, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
　　*Clerk's Office, Atlanta,* 07/31/2014
　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*