# Court of Appeals
# of the State of Georgia

ATLANTA,   November 05, 2014

*The Court of Appeals hereby passes the following order:*

**A15A0187. MICHAEL L. POWELL v. THE STATE.**

In 2012, Michael Powell pled guilty to criminal attempt to commit a felony. He subsequently filed a number of pro se motions, including a motion for an out-of-time appeal. On April 1, 2014, the trial court denied Powell's motions. Powell filed a direct appeal in this Court, but we dismissed that appeal because it was untimely. *Powell v. State*, Case No. A14A1874 (dismissed June 19, 2014). Following remand, Powell requested the trial court to re-enter the order, claiming he was not properly served with the order and therefore not able to timely appeal. The trial court denied Powell's motion on August 11, 2014. In its order, the trial court specifically noted that "the order was properly served to Defendant at the return address listed on the envelope in which the motions were mailed to the Court." Powell has directly appealed the denial of his motion to re-enter the order. We lack jurisdiction.

The August 11 order is not a final order subject to direct appeal. In pleadings, substance controls over nomenclature. See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010). Given the circumstances of this case, Powell's request that the trial court re-enter its April 1, 2014 order because he was not properly served with a copy of the order can be construed as either a motion for reconsideration or a motion to set aside. In either case, we would lack jurisdiction over a direct appeal. First, a trial court's order denying a motion for reconsideration is not subject to appellate review. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). Alternatively, to the extent that Powell's motion could be construed as an OCGA § 9-11-60 (d) motion to set aside the court's April order, he still would not be entitled to a direct appeal. Orders denying such motions are subject to the discretionary appeal

procedures, and Powell has failed to timely file a discretionary appeal of the August order. See OCGA § 5-6-35 (a) (8); *Arrowhead Alternator v. CIT Communications Finance Corp.*, 268 Ga. App. 464, 466 (602 SE2d 231) (2004).

Because the trial court's August 11, 2014, order is not subject to appellate review by way of direct appeal, this appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
     Clerk's Office, Atlanta,_____11/05/2014_____
     I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
     Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.