# Court of Appeals
# of the State of Georgia

ATLANTA,___April 17, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A1447.  GEGE ODION v. SHABTAY VARON, et al.**

In the case below, on July 16, 2014, the trial court entered several orders, including one that granted summary judgment to the defendants.  Gege Odion, purportedly proceeding as assignee to plaintiff Gege Odion Enterprise, LLC, filed a post-judgment motion attacking the July 16 orders.  The trial court denied Odion's motion on October 29, 2014, and Odion filed this appeal on November 12, 2014.  We lack jurisdiction.

Pursuant to OCGA § 9-11-56 (h), the trial court's July 16 order granting summary judgment was subject to direct appeal.  However, Odion's notice of appeal was not timely as to that order.  See OCGA § 5-6-38 (a) (notice of appeal must be filed within 30 days of entry of the challenged order).  In addition, his motion attacking that order did not toll the time to file an appeal.  See id. (appeal-filing period is tolled by the filing of a motion for new trial, motion in arrest of judgment, or motion for judgment notwithstanding the verdict).

Odion's notice of appeal was filed within 30 days of the court's October 29 order denying his post-judgment motion.  However, that order is not subject to direct appeal.  In his motion, Odion asked the court to set aside its judgment under OCGA § 9-11-60.  To obtain appellate review of a trial court's order denying such a request, a party must follow the discretionary appeal procedures.  See OCGA § 5-6-35 (a) (8); *Arrowhead Alternator v. CIT Communications Finance Corp.*, 268 Ga. App. 464, 466 (602 SE2d 231) (2004).  Alternatively, to the extent the Odion's motion may be construed as a motion for reconsideration, the trial court's order denying his motion would not be subject to appellate review.  See *Bell v. Cohran*, 244 Ga. App. 510, 511

(536 SE2d 187) (2000).

For these reasons, we lack jurisdiction to consider this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*_____04/17/2015_____
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*