**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 3, 2016**

# In the Court of Appeals of Georgia

A16A0804.   LEMCON   USA   CORPORATION   v.   ICON   JE-030
         TECHNOLOGY CONSULTING, INC.

ELLINGTON, Presiding Judge.

Lemcon USA Corporation appeals from an order denying its motion to set

aside a foreign judgment that the judgment creditor, Icon Technology Consulting,

Inc., filed in the State Court of Fulton County. For the reasons explained below, we

dismiss this appeal.

1. As a threshold matter, we note that Lemcon filed a notice of direct appeal;

it did not follow the procedure for filing an application for a discretionary appeal,

which is required where the judgment appealed is an order denying a motion to set

aside pursuant to OCGA § 9-11-60 (d).[1] Lemcon contends that, although it moved to

---

[1] See *Noaha, LLC v. Vista Antiques & Persian Rugs, Inc.*, 306 Ga. App. 323,
326 (1) (702 SE2d 660) (2010) ("[T]he discretionary appeal procedures are required

set aside the default judgment pursuant to OCGA § 9-11-60 (d), it *also* moved in the alternative to set aside the judgment pursuant to the inherent power of a trial judge, in the exercise of his or her discretion, to vacate a judgment during the same term of court in which the judgment is entered.[2] Lemcon contends further that it filed its

---

to appeal the denial of a motion to set aside a judgment filed pursuant to OCGA § 9-11-60 (d).") (citation and punctuation omitted); OCGA § 5-6-35 (a) (8), (b), (f) ("Appeals from orders under subsection (d) of Code Section 9-11-60 denying a motion to set aside a judgment" shall be "by application in the nature of a petition enumerating the errors to be urged on appeal[,]" and the appellate court "shall issue an order granting or denying [leave to pursue] such an appeal[.]").

[2] Citing *Georgia Receivables, Inc. v. Murray*, 240 Ga. App. 676, 676-677 (524 SE2d 518) (1999) ("A trial court may exercise discretion in setting aside a default judgment within the same term of court. But after expiration of the term of court in which a default judgment is entered, the trial court's discretion in setting aside the default judgment is limited to the criteria set forth in OCGA § 9-11-60 (d).") (citation omitted); *Piggly Wiggly Southern v. McCook*, 216 Ga. App. 335, 337 (1) (454 SE2d 203) (1995) ("It has always been the rule in this State that where a judgment is not based on the verdict of a jury, but is the act of the judge, it is in the breast of the court during the term in which it is rendered, and in the exercise of a sound discretion[ ] the judge may set it aside. Thus, whatever limitations may exist in OCGA § 9-11-60 (d) for post-term motions to set aside, a trial judge has the power during the same term of court at which a judgment is rendered to reverse, correct, revoke, modify or vacate the judgment in the exercise of his [or her] discretion.") (citations and punctuation omitted). See also *Pope v. Pope*, 277 Ga. 333, 334 (588 SE2d 736) (2003) ("During the term in which a judgment is entered, a trial court has plenary control over it and has the discretion to set aside the judgment for irregularity, or because it was improvidently or inadvertently entered and for the purpose of promoting justice. A trial court's discretion in setting aside a judgment will not be disturbed unless manifestly abused. However, a trial court's discretion to set aside a judgment during the term it was entered is not without limits, and should be exercised for some

motion to set aside the default judgment in the same term of court in which the judgment was rendered and that the denial of the motion to set aside on that basis is a directly appealable final judgment. To determine whether we have jurisdiction over Lemcon's appeal, therefore, we must determine whether Lemcon filed its motion to set aside the default judgment in the same term of court in which the judgment was rendered.

The record shows the following relevant facts. Icon filed an action against Lemcon for breach of a contract for professional services in the Circuit Court of St. Louis County, Missouri. The Missouri court entered a default judgment in Icon's favor on January 27, 2015. On May 7, 2015, Icon filed in the State Court of Fulton County a "Suit for [Enforcement] of Foreign Judgment," attaching a "Notice of Filing

---

meritorious reason. In this regard, a trial court is granted the discretion to determine what is a meritorious reason for setting aside one of its judgments, and an appellate court may reverse that discretion only if it is manifestly abused.") (punctuation and footnotes omitted); *Ga. Government Transparency & Campaign Finance Commission v. State Mutual Ins. Co.*, 321 Ga. App. 480, 483 (740 SE2d 419) (2013) (physical precedent only) ("Where [a judgment is] not based on a jury verdict, a trial court has inherent power, unchanged by the Civil Practice Act, to change its final judgment during the term of court in which it is rendered.") (citations omitted); *Griffin v. Rutland*, 259 Ga. App. 846, 848 (2) (578 SE2d 540) (2003) ("[I]t is well established that a trial court has the inherent power to amend or set aside a judgment for any meritorious reason, provided the motion to set aside is filed during the term in which the judgment was rendered.") (citation and punctuation omitted).

of Foreign Judgment" and an "Affidavit of Foreign Judgment" executed by an executive of Icon. The notice indicated that the Missouri judgment had been entered in the records of the State Court of Fulton County "pursuant to the Uniform Enforcement of Foreign Judgment [Law], OCGA § 9-12-130 et seq." The clerk of court verified that the attachments to the suit complied "with the law as regards to the [enforcement] of foreign judgments pursuant to the provisions of . . . OCGA § 9-12-132." On July 3, 2015, Lemcon filed a motion to set aside the default judgment, arguing, inter alia, that its motion was filed in the same term of court in which the judgment was rendered and that it was therefore within the inherent power of the State Court of Fulton County, in the exercise of the trial judge's discretion, to vacate the judgment.

A new term of court for the State Court of Fulton County begins on the first Monday in January, March, May, July, September, and November. OCGA § 15-7-40 (terms of state courts are prescribed in local laws); Ga. Laws 1983, § 1, pp. 4501, 4502 ("The State Court of Fulton County shall have six terms each year beginning on the first Mondays in January, March, May, July, September, and November."). See also OCGA § 15-6-3 (3) (terms of Superior Court of Fulton County). The default judgment was rendered (by the Missouri court) on January 27, 2015; by statute, the

4

January term of court for the State Court of Fulton County ended when a new term of court began on the first Monday in March (March 2, 2015); Lemcon filed its motion to set aside on July 3, 2015. Thus, Lemcon did not file its motion within the same term of court as the term in which the subject judgment was rendered.

Lemcon disputes this conclusion, arguing that the default judgment was entered on May 7, 2015, during the May term of court for the State Court of Fulton County, when the Missouri default judgment was "entered of record" in the Georgia court. As adopted in Georgia, the Uniform Enforcement of Foreign Judgment Law, OCGA § 9-12-130 et seq., provides that, when the statutory procedure is followed, a judgment that was entered in a sister state will have the same effect as if the judgment had been originally entered in the Georgia court in which it is filed. *Arrowhead Alternator, Inc. v. CIT Communications Finance Corp.*, 268 Ga. App. 464, 465 (602 SE2d 231) (2004).[3] This does not mean, however, that the judgment is deemed to be "entered"

---

[3] See OCGA § 9-12-132 (After a foreign judgment is filed in a Georgia court, "[t]he clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed. A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed[.]"); *E. Howard St. Clair & Associates, Inc. v. Northwest Carpets, Inc.*, 237 Ga. App. 537, 537-538 (515 SE2d 660) (1999) ("Under the full faith and credit clause of the United States Constitution, a judgment of a foreign court will be enforced by the courts of this State. The uniform law[,] OCGA § 9-12-130 et seq.[,] provides a

5

or "rendered" on the date that it is filed in a Georgia court so that it can be enforced in Georgia. "A Georgia court need not, and, in fact, is not authorized to, enter a second or duplicate judgment." (Citation omitted.) *Noaha, LLC v. Vista Antiques & Persian Rugs, Inc.*, 306 Ga. App. at 325 (1).

Because Lemcon filed its motion to vacate the default judgment after the end of the term of court as the term in which the judgment was rendered, it failed to invoke the trial court's inherent power to set aside the judgment for any meritorious reason. Accordingly, we must construe the trial court's order denying Lemcon's motion to vacate as addressing the merits of Lemcon's alternative theory, which invoked the trial court's more limited authority to set aside the default judgment under OCGA § 9-11-60 (d). See *Piggly Wiggly Southern v. McCook*, 216 Ga. App. 335, 336 (1) (454 SE2d 203) (1995) (contrasting limited power to rule on post-term motions under OCGA § 9-11-60 (d) with inherent discretion during same term of court to set aside judgment for any meritorious reason).

2. Because the trial court was authorized only to address the merits of Lemcon's motion to set aside the default judgment under OCGA § 9-11-60 (d), and

procedure for filing and enforcing foreign judgments in this state.") (punctuation and footnote omitted).

6

because Lemcon failed to file an application for discretionary appeal, we conclude that we lack jurisdiction to consider this direct appeal. *Noaha, LLC v. Vista Antiques & Persian Rugs, Inc.*, 306 Ga. App. at 326 (1); *Arrowhead Alternator, Inc. v. CIT Communications Finance Corp.*, 268 Ga. App. at 466; *Georgia Receivables, Inc. v. Murray*, 240 Ga. App. at 677; OCGA § 5-6-35 (a) (8). Accordingly, this appeal is hereby DISMISSED.

*Appeal dismissed. Mercier, J., concurs and Branch, J., concurs in judgment only.*