301 Ga. 888
FINAL COPY

S17G0141. LEMCON USA CORPORATION v. ICON TECHNOLOGY CONSULTING, INC.

PETERSON, Justice.

Icon Technology Consulting, Inc. ("Icon") filed this lawsuit seeking to enforce a default judgment it obtained from a Missouri court against Lemcon USA Corporation ("Lemcon"). A Georgia trial court rejected Lemcon's attempt to set aside the default judgment, and the Court of Appeals of Georgia dismissed Lemcon's appeal on the ground that Lemcon (1) could not invoke the Georgia trial court's inherent power to set aside a judgment within the same term of court in which it was entered and (2) had failed to file an application for discretionary appeal as was necessary to seek review of the trial court's order to the extent it was based on OCGA § 9-11-60 (d). Lemcon USA Corp. v. Icon Tech. Consulting, Inc., 338 Ga. App. 459 (789 SE2d 832) (2016) (physical precedent only). We granted certiorari to consider whether the inherent power of a Georgia court to set aside a judgment within the same term of court in which it

was entered extends to a foreign judgment domesticated under OCGA § 9-12-130 et seq. We conclude that this inherent power does not extend to domesticated foreign judgments.

Icon obtained a default judgment of $52,589 plus interest against Lemcon on January 27, 2015. On May 7, 2015, Icon filed a complaint in Fulton County State Court seeking enforcement of the judgment under Georgia's Uniform Enforcement of Foreign Judgments Law, OCGA § 9-12-130 et seq. ("the Act"). Lemcon filed a motion to set aside the default judgment, claiming that although its registered agent apparently had been served with the Missouri lawsuit on December 3, 2014, a misunderstanding over the proper address for sending served documents to Lemcon meant that Lemcon itself was not aware of the lawsuit until well after the default judgment was obtained. Lemcon argued in its motion that it was within the inherent power of the Fulton court to vacate the judgment as a matter of the court's discretion because the motion to set aside was filed in the same term of court in which the judgment was entered of record in the Fulton court and, alternatively, the Fulton court was authorized to set aside the judgment under OCGA § 9-11-60 (d) because it was obtained due to accident or mistake. The Fulton court denied the motion to set aside in a two-

sentence order.

Lemcon filed a direct appeal, which was dismissed by the Court of Appeals. That court concluded that Lemcon did not file its motion within the term of court in which the subject judgment was rendered, and rejected Lemcon's argument that the default judgment was entered for purposes of that question on May 7, 2015, the date the Missouri judgment was filed in Fulton County. Lemcon, 338 Ga. App. at 461 (1). Because Lemcon therefore failed to invoke the trial court's inherent power to set aside the judgment for any meritorious reason, the Court of Appeals concluded, the trial court's order must be construed as addressing the merits of only Lemcon's alternative theory that invoked the trial court's authority to set aside under OCGA § 9-11-60 (d). Id. at 462 (1). The Court of Appeals thus concluded that it lacked jurisdiction to consider Lemcon's appeal given Lemcon's failure to file an application for discretionary appeal. Id. at 462 (2).

We granted Lemcon's petition for certiorari, directing the parties to address two questions:

> (1) Does the inherent power of a Georgia court to set aside a judgment in the term of court within which the judgment was entered extend to a foreign judgment domesticated under OCGA §

3

9-12-130 et seq.?

    (2) If so, for purposes of the exercise of that inherent power, is the domesticated judgment deemed to be entered on the date that it was originally entered by the foreign court or on the date that it was filed for domestication in the Georgia court?

We answer the first question in the negative, and thus need not consider the second.

The Act establishes Georgia's procedure for domesticating a foreign judgment. The Act provides that an authenticated copy of a foreign judgment may be filed in "any court of competent jurisdiction of this state" and that, once filed, such a judgment "has the same effect . . . as a judgment of the court in which it is filed and may be enforced or satisfied in like manner." OCGA § 9-12-132. At the heart of Lemcon's argument, OCGA § 9-12-132 also provides that "[a] filed foreign judgment . . . is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed[.]"

The Act operates within the shadow of the Full Faith and Credit Clause of the United States Constitution.[1] As a court of another state to adopt the

---

[1] "Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State." U.S. Const. Art. IV, Sec. 1.

uniform act has noted, the Uniform Enforcement of Foreign Judgments Act "does not . . . create substantive rights not conferred by the Full Faith and Credit Clause of the United States Constitution, but is merely a uniform act by which procedurally those rights and defenses afforded under the Full Faith and Credit Clause may be enforced or imposed." Jones v. Roach, 575 P2d 345, 349 (Ariz. Ct. App. 1977). Indeed, the Act defines a "foreign judgment" to which the Act applies as "a judgment, decree, or order of a court of the United States or of any other court *that is entitled to full faith and credit in this state*." OCGA § 9-12-131 (emphasis supplied). Under the Full Faith and Credit Clause, "a judgment of a foreign court will be enforced by the courts of this state unless it is shown that the foreign court lacked jurisdiction of the person or subject matter or that the judgment was procured by fraud." Dropkin v. Dropkin, 237 Ga. 768, 770-771 (229 SE2d 621) (1976). If a challenge to the foreign court's jurisdiction or an allegation the judgment was procured by fraud was raised and decided against the judgment debtor in the foreign court, that determination by the foreign court must be given full faith and credit, as well. Gordon v. Gordon, 237 Ga. 171, 172 (1) (227 SE2d 53) (1976). In short, although the Act allows for "reopening, vacating, [or] staying" a filed foreign judgment, the availability

5

of such procedures is limited by the Full Faith and Credit Clause.

Our Court of Appeals has long held that the proper way to attack a foreign judgment filed in Georgia — and thereby raise the bases for attack permitted by the Full Faith and Credit Clause — is to move to set aside under OCGA § 9-11-60 (d). See Noaha, LLC v. Vista Antiques and Persian Rugs, Inc., 306 Ga. App. 323, 326 (1) (702 SE2d 660) (2010); Arrowhead Alternator, Inc. v. CIT Communications Fin. Corp., 268 Ga. App. 464, 466 (602 SE2d 231) (2004); Arnold v. Brundidge Banking Co., 209 Ga. App. 278, 278-279 (433 SE2d 388) (1993), overruled on other grounds by Okekpe v. Commerce Funding Corp., 218 Ga. App. 705, 706 (463 SE2d 23) (1995). OCGA § 9-11-60 (d) specifically includes fraud and lack of jurisdiction among the bases on which a judgment may be set aside. The question raised by this appeal is whether a trial court's inherent power to set aside a judgment in the term of court within which the judgment was entered is an alternative means to attack a foreign judgment filed in Georgia.

At common law, a court had broad inherent power to set aside its own judgments within the term of court in which they were entered:

[A] court has plenary control of its judgments, orders, and decrees

6

> during the term at which they are rendered, and may amend, correct, modify, or supplement them, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them, as may, in its discretion seem necessary. But after the expiration of the term at which a judgment or decree was rendered, it is out of the power of the court to amend it in any matter of substance or in any matter affecting the merits.

McCandless v. Conley, 115 Ga. 48, 50-51 (1) (41 SE 256) (1902) (citation, punctuation and emphasis omitted), cited in Moon v. State, 287 Ga. 304, 305-306 (1) (696 SE2d 55) (2010) (Nahmias, J., concurring). This common law rule has remained essentially unchanged for final judgments in civil and criminal cases. Moon, 287 Ga. at 306 (1) (Nahmias, J., concurring).[2] It does not apply where a judgment is based on a jury verdict. Martin v. GM Corp., Fisher Body Div., 226 Ga. 860, 862 (1) (178 SE2d 183) (1970). This rule is based on the notion that, during the term in which a decree is rendered, it is "in the breast of the judge; after it is over, it is upon the roll." Holloman v. Holloman, 228 Ga. 246, 248 (2) (184 SE2d 653) (1971) (citations and punctuation omitted). And the rule reflects "a balance between the need for *finality* of judicial decisions and the understanding that trial courts should have the opportunity to reach the

---

[2] The limitation also applies to interlocutory rulings in criminal cases but no longer applies to interlocutory rulings in civil cases. See Moon, 287 Ga. at 304 (citing OCGA § 9-11-6 (c)).

7

*correct* decisions." Moon, 287 Ga. at 306 (1) (Nahmias, J., concurring) (emphasis in original).

We have said that, absent a gross abuse of discretion, we will not interfere with a trial court's refusal to exercise this power; as "[n]ecessary rules of order require that a point once made and ruled upon shall continue settled, unless the court sees that injustice has been done." Estes v. Ivey, 53 Ga. 52, 54-55 (2) (1874). By the same token, a trial court has broad discretion to set aside a judgment under the rule, as the court's inherent power to set aside within the same term of court is not limited to, for example, the permissible grounds for setting aside under OCGA § 9-11-60 (d). See Martin, 226 Ga. at 862-863 (1) (trial judge may consider motion to set aside filed within the same term of court in which the judgment was rendered even though not predicated on statutory criteria); Piggly Wiggly Southern, Inc. v. McCook, 216 Ga. App. 335, 336-337 (1) (454 SE2d 203) (1995) (reversing where trial court indicated it believed judgment could not be set aside unless criteria of OCGA § 9-11-60 (d) were satisfied).

Allowing a Georgia court to apply to a foreign judgment the court's inherent power to set aside a judgment entered within the same term of court is

wholly inconsistent both with the nature of that power and the constraints of the Full Faith and Credit Clause. The nature of the inherent power is that of a trial court's ability to change its *own* mind, not to set aside an otherwise enforceable judgment entered by an entirely different court in another state. See Holloman, 228 Ga. at 248 (2) (inherent power rule based on notion that a ruling is "in the breast of the judge" during the term in which it is rendered); McCandless, 115 Ga. at 50 (1) ("a court has plenary control of *its* judgments, orders, and decrees during the term at which they are rendered") (emphasis supplied). The extent to which this power is limited to the court's own decisions — and not those of another court — is underscored by the fact that it does not apply to judgments based on a jury verdict. See Martin, 226 Ga. at 862 (1). Most importantly, the broad, discretionary nature of the power to set aside is incompatible with the tight constraints the Full Faith and Credit Clause places on the ability of a court to set aside a foreign judgment.[3] Under the Full Faith and Credit Clause, that ability is limited to instances in which the foreign court lacked jurisdiction or the judgment was obtained by fraud. Such circumstances are specifically

_____

[3] Indeed, even the phrase "set aside" is inapt in this context. A Georgia trial court cannot actually set aside a foreign judgment; all it can do is decline to enforce it in Georgia. See Okekpe, 218 Ga. App. at 713 (5) (Beasley, C. J., concurring specially).

9

contemplated by OCGA § 9-11-60 (d), and the mechanism provided by that statute is the proper means for moving to set aside a foreign judgment.

The Court of Appeals implicitly assumed for purpose of its decision in this case that a trial court's inherent power to set aside a judgment entered within the same term of court includes a power to set aside foreign judgments, concluding that Lemcon could not invoke that power because it filed its motion after the close of the term in which the judgment was entered in Missouri. Although the Court of Appeals' underlying assumption was incorrect, the court nevertheless correctly concluded that Lemcon could not invoke the trial court's inherent power to set aside a judgment. And because Lemcon sought to appeal from an order denying a motion to set aside under OCGA § 9-11-60 (d), an application was required. See OCGA § 5-6-35 (a) (8). The Court of Appeals thus properly dismissed Lemcon's appeal.

Judgment affirmed. All the Justices concur.

Decided August 28, 2017.

Certiorari to the Court of Appeals of Georgia — 338 Ga. App. 459.

Wood & Solis, David H. Wood, Michael L. Solis, for appellant.

Hill-Macdonald, Brad E. Macdonald; Craig A. Smith, for appellee.