# Court of Appeals
# of the State of Georgia

ATLANTA,  September 25, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0891. MCDONALD v. WALLEY.**

This direct appeal from the denial of a motion to set aside a judgment must be dismissed for failure to file an application for discretionary appeal.

Maria Walley obtained a default judgment in California against Georgia resident Diana McDonald. Walley sought to domesticate the foreign judgment in Georgia. McDonald filed a motion to set aside the judgment, citing OCGA § 9-11-60 (d) and claiming, among other things, that the California court lacked personal jurisdiction over her because she had not been served with the complaint. The trial court denied the motion to set aside on all grounds except for the lack of personal jurisdiction claim, expressly reserving that issue as unsettled. The trial court then granted McDonald's request to stay the proceedings so that she could pursue another motion to set aside on jurisdictional grounds in the California court. After the California court denied that motion as untimely, the trial court here held an evidentiary hearing to consider the still unsettled issue of personal jurisdiction raised in McDonald's first motion to set aside. The trial court subsequently entered an order domesticating the California judgment and rejecting McDonald's challenge to the California court's personal jurisdiction, finding that she was barred from raising the issue here since she had already litigated it in California and, alternatively, that even if the challenge were not barred, the evidence showed that the California court had personal jurisdiction because McDonald had in fact been properly served. McDonald filed a direct appeal from that order.

"Under the Full Faith and Credit Clause [of the United States Constitution], a judgment of a foreign court will be enforced by the courts of this state unless it is

shown that the foreign court lacked jurisdiction of the person or subject matter or that the judgment was procured by fraud." *Lemcon USA Corp. v. Icon Tech. Consulting*, 301 Ga. 888, 890 (804 SE2d 347) (2017) (citation and punctuation omitted). We have "long held that the proper way to attack a foreign judgment filed in Georgia — and thereby raise the bases for attack permitted by the Full Faith and Credit Clause — is to move to set aside under OCGA § 9-11-60 (d)." Id. (citations omitted). Here, McDonald attacked the California judgment by moving to set aside based on an alleged lack of personal jurisdiction. However, an appeal from an order denying such a motion to set aside must be taken by application for discretionary review. See OCGA § 5-6-35 (a) (8); *Lemcon*, supra at 892. The order appealed from in this case is the trial court's final "order denying the [personal jurisdiction challenge raised in the] motion to set aside. Because [McDonald] has failed to appeal the denial of [her] motion to set aside by application, we have no jurisdictional basis for this appeal and it must be dismissed." *Arrowhead Alternator, Inc. v. CIT Comunnications Finance Corp.*, 268 Ga. App. 464, 466 (602 SE2d 231) (2004). Accord *Okekpe v. Commerce Funding Corp.*, 218 Ga. App. 705, 706 (463 SE2d 23) (1995) ("In substance this is an appeal from the denial of [a] motion for relief from a foreign judgment . . . based on that [foreign] state's lack of personal jurisdiction, [and] it is therefore subject to the discretionary appeal statute[.]") (citations and punctuation omitted). Accordingly, McDonald's appeal is hereby dismissed for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__09/25/2018_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.


, Clerk.