# Court of Appeals
# of the State of Georgia

ATLANTA,  September 23, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0418. GENE SHROYER v. DAVID TUCK.

In this proceeding to domesticate a foreign judgment, the trial court entered a final order domesticating the judgment of a New Hampshire court against defendant Gene Shroyer on February 14, 2025. Shroyer filed a motion to set aside pursuant to OCGA § 9-11-60 (d), which the trial court denied on March 31, 2025. Shroyer filed this direct appeal on April 28, 2025. We lack jurisdiction.

An appeal from the denial of an OCGA § 9-11-60 (d) motion to set aside requires the filing of an application for discretionary appeal. See OCGA § 5-6-35 (a) (8), (b); *Lemcon USA Corp. v. Icon Technology Consulting*, 301 Ga. 888, 892 (804 SE2d 347) (2017). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Shroyer's failure to comply with the discretionary appeals procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.[1] See *Lemcon USA Corp.*, 301 Ga. at 892.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/23/2025

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, *Clerk.*

---

[1] Shroyer's motion to set aside also requested a temporary injunction to halt enforcement of the underlying judgment, and the denial of an injunction is generally subject to direct appeal. See OCGA § 5-6-34 (a) (4). However, "the underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal," *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994), and the underlying subject matter here is the denial of Shroyer's motion to set aside.