# Court of Appeals
# of the State of Georgia

ATLANTA, May 22, 2026

*The Court of Appeals hereby passes the following order:*

### A26A2022. EDIE-JANE CLARKE v. TAMMY CLARKE, AS EXECUTRIX OF THE ESTATE OF CHARLES W. CLARKE.

Edie-Jane Clarke and Charles W. Clarke were divorced in 2017. The divorce decree incorporated a settlement agreement that required Charles to transfer the marital home to Edie-Jane in exchange for Edie-Jane's payment of $37,500. Edie-Jane never made the payment, and Charles never transferred the property. In 2018, Charles became incapacitated, and his daughter, Tammy L. Clarke, was appointed as his guardian and conservator. Edie-Jane sued Tammy for quiet title to the property, but the trial court denied the petition on the ground that Edie-Jane's payment of the money was a condition precedent to her receipt of title. Edie-Jane filed an application for discretionary review in this Court, which we granted. See Case No. A22D0431 (Jul. 12, 2022). We subsequently affirmed the trial court in an unpublished opinion. *Clarke v. Clarke*, Case No. A23A0012 (Apr. 4, 2023). At some point, Charles died, and Tammy inherited his interest in the property.

In 2023, Tammy filed a petition against Edie-Jane, alleging that she was in contempt of the divorce decree because she still had not paid the $37,500. The trial court ruled Edie-Jane was not in contempt , and Tammy filed a motion for reconsideration. The trial court granted that motion and determined that Edie-Jane was, in fact, in contempt. Edie-Jane then filed a motion to set aside the trial court's contempt ruling on several grounds, including under OCGA § 9-11-60(d). The trial court denied the motion, and Edie-Jane filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 5-6-35(a)(2), appeals from "judgments or orders in divorce, alimony, and other domestic relations cases" including orders "holding or declining to hold persons in contempt" of such orders must be made by application for discretionary appeal. Because the underlying order that Edie-Jane wishes to appeal found her in contempt of a divorce decree, she had no right of direct appeal, but instead was required to file an application for discretionary review. See *Russo v. Manning*, 252 Ga. 155, 155–56 (312 SE2d 319) (1984) (holding that order finding party in contempt of divorce decree was appealable only by application for discretionary review). Furthermore, an appeal from the denial of a motion to set aside under OCGA § 9-11-60(d) also must be initiated by filing an application for discretionary review. OCGA § 5-6-35(a)(8); *Lemcon USA Corp. v. Icon Tech. Consulting*, 301 Ga. 888, 892 (804 SE2d 347) (2017). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dep't of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Edie-Jane's failure to follow the required appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/22/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*